### Ex·Parte Jim Sauls and Bob Andrews.

No. 2925. Decided February 17, 1904.

**1.—Contempt—Constitutional Law.**

Where relators had been arrested upon a search warrant under the act of the Legislature approved March 16, 1903, which authorizes the issuance of warrants upon complaint before a justice of the peace for the purpose of ascertaining whether intoxicating liquors are sold or given away in violation of law, and to arrest all persons connected therewith and bring them before such justice, they can not be compelled to be sworn to testify against themselves.

**2.—Same—Party Under Arrest.**

Wherever a party is under arrest for a violation of the law, or is held by the authorities investigating a charge against him, the constitutional inhibition against compelling a defendant to testify against himself attaches.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

Appeal from a habeas corpus proceeding remanding relators to jail, on contempt proceedings originating before a justice of the peace.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, and *C. T. Freeman,* Assistant County Attorney, for the State.

DAVIDSON, Presiding Judge.—Relators were arrested under a search warrant issued by W. S. Russell, justice of the peace of precinct No. 1 of Grayson County. The warrant was issued under the provisions of the recent act of the Legislature, approved March 16, 1903 (page 55), which in substance authorizes the issuance of warrants, upon complaint being filed before any county judge or justice of the peace, for the purpose of ascertaining whether intoxicants are sold or given away in violation of law, in the place named in the warrant and complaint. This complaint also requires the arrest of the person so violat-

ing the local option law; and it was made the duty of the officer to whom the warrant was delivered to search the place described in said warrant and to seize all intoxicating liquors found in such place, and arrest and bring before the court issuing the writ of warrant, all persons connected with such business as proprietor, manager, clerk or employe. The warrant issued described a certain house, and by virtue of the warrant the sheriff entered said house, seized quite a lot of intoxicants, as well as some other things, consisting of whisky, beer, wine glasses, pitchers, bottles and demijohns, and arrested several parties, among whom were the two relators herein, Andrews and Sauls. Immediately upon arresting them they were brought before the justice of the peace who issued the warrant. When brought into court they were requested to be sworn. They objected on the ground that they were under arrest charged with a violation of the law, which the court was then proposing to investigate. They declined to be sworn or to testify in the case. They were informed by the State's attorney they could not be compelled to incriminate themselves, and he insisted that the relators should be sworn as witnesses. The relators offered to be sworn as witnesses, provided they were released from arrest under the warrant. This the State's attorney declined to do, and still insisted that the applicants should be sworn as witnesses. Applicants refused and stated to the court that they did not intend or mean any disrespect to the court by this refusal, but were exercising what they considered to be their legal rights. The applicants, together with Frank Shawulot, Clay Doolen and Rube Smith, were then told by the sheriff to form a line and be sworn. All these parties had been arrested by the sheriff upon the warrant above mentioned, and they were formed in line in front of the justice of the peace but declined to be sworn. Whereupon the court told them that they would be fined $50 and remanded to jail until they would testify. Before the parties were formed in line for the purpose of being sworn, they had been summoned as witnesses before the court under article 941, Code of Criminal Procedure, and were informed, before they were required to be sworn, that they were not released from arrest under the warrant. The justice of the peace fined them $50 and sent them to jail until they would agree to testify. Habeas corpus was then resorted to before Hon. B. L. Jones, judge of the Fifteenth Judicial District, who sustained the action of the justice of the peace, remanded them to custody; and this appeal is prosecuted.

So we have a state of case where a certain house was entered under and by virtue of a search warrant, and the warrant for the arrest of any parties found in the premises who may have had any connection with whisky or intoxicants found in the house called for in the search warrant. These parties were carried under arrest before the justice of the peace and required to testify. Upon their declination they were summoned, it seems, as witnesses under article 941 Code of Criminal

Procedure, but they were still held under the warrant of arrest as prisoners. The State ingeniously contends that where a party is held under an accusation of crime or under arrest for crime, he can not refuse to be sworn preparatory to eliciting his testimony; that the constitutional inhibition against compelling the accused to testify against himself is not transgressed until he is made to testify; and that the refusal of the simple requirement to be sworn, as a preliminary step to giving his testimony, would subject him to contempt. It is further contended that although under arrest they may be summoned as witnesses and compelled to testify. We do not think there is any merit in these propositions. Whenever a party is under arrest for a violation of the law, or is held by the authorities investigating a charge againts him, the constitutional inhibition against compelling a defendant to testify against himself is operative. There could be no object in swearing or placing these parties under oath, except to elicit their testimony; and if the placing of them under oath was intended as a preliminary step to eliciting their testimony it would make no difference; they could refuse to be sworn as well as to testify. There might be a different question raised if the parties were testifying in a case other than their own, where he was refusing to give evidence that might incriminate himself; but in the case in hand the parties were arrested and under the charge of the officer for the very offense the officers were seeking to investigate. The statute under which the arrest occurred, and under which the search warrant was issued, formed the basis of this prosecution; and it was under and by virtue of that the parties were brought into court as defendants, and the officers so returned the process when producing the parties. Section 10, article 1, of our Bill of Rights expressly stipulates that the accused shall not be compelled to give evidence against himself. It would have been idle to have sworn applicants in the case simply for the purpose of swearing them. It is evident that the purported swearing of the witnesses was simply to put them under oath in order to elicit their evidence. There was no other intention, and the State would hardly admit that the only intention was to swear them, stopping short of an investigation, as to whether they were the guilty parties or not, or whether the local option law had been violated in the house which had been investigated under the search warrant. This is made evident by the further fact that the State had them summoned as witnesses under article 941, Code of Criminal Procedure. So the whole matter is placed beyond question that it was intended to make relators testify in regard to the sale or alleged sale of whisky in the house where the intoxicants were found. It would take no reasoning or argument to know that while they were under arrest charged with this crime, they were defendants in the case and protected by the Constitution. If the parties had been on trial before a petit jury, the court trying the parties would have

had no more authority to compel them to testify than in this examination. He would have the same authority. It would not be contended · for a moment if they had been on trial before the justice of the peace,. if he had jurisdiction to finally try, that he could have compelled them to testify.. How the constitutional inhibition is not as applicable· and as binding in a court of inquiry to protect defendant against being compelled to give evidence against himself, would be difficult to understand. See Ex parte Wilson, 39 Texas Crim. Rep., 630, and authoritie? cited; Ex parte Park, 37 Texas Crim. Rep., 590; Miskimmins v. Shaver, 8 Wyo., 392. The justice of the peace had no authority to require. relators to be sworn under the circumstances, because it is placed beyond cavil that they were to be used as witnesses to testify against themselves in regard to violating the local option law.

The judgment is reversed and the relators ordered discharged.

*Relators discharged.*

Brooks, J., dissents.                ·