### Ex Parte M. L. Merrell.

No. 3331.    Decided June 13, 1906.

**Habeas Corpus—Constitutional Law—Self-Accusation—Sunday Law.**

Where the relator was brought before a grand jury and declined to answer whether his bar-keepers under his control had made any sale in his saloon on Sunday, and was thereupon reported to the district judge, who imposed a fine for contempt and placed relator in jail, he was discharged on writ of habeas corpus.

From Tarrant County.

Original application for habeas corpus for release from a commitment for contempt for refusing to answer questions by the grand jury.

The opinion states the case.

*McLean & Scott* and *Rogan & Simmons,* for relator.

*J. E. Yantis,* for State.

DAVIDSON, Presiding Judge.—This is an original habeas corpus proceeding before this court. The agreed statement of facts shows that applicant was general manager for J. Bennett, a retail liquor dealer in Fort Worth; that Merrell was in fact in charge of the business and had general supervision of its every department, and was so employed at the time he was carried before the grand jury of Tarrant County. Applicant was asked the following question by the grand jury: "Were Emmett Ayres and Press Mitchell on duty and selling in Bennett's saloon on Sunday, May 20, 1906?" He declined to answer, and was carried by the grand jury before district Judge Dunklin, where he again refused. Whereupon the district judge imposed a fine for contempt, and placed him in jail. Applicant declined to answer on the ground that it would incriminate him. The agreed facts fur-

ther show that Ayres and Mitchell were bar-tenders in the saloon under applicant's control, and it was their business and duty to sell liquor and whatever commodity was for sale in said saloon, and these were the only duties performed by Ayres and Mitchell at said saloon. Merrell was present and saw Ayres and Mitchell on duty selling liquor in the saloon on the specified Sunday and were under his control. Under this state of facts it is evident that Merrell could not have answered the question without incriminating himself; (first) because he was the agent and in charge of the business; (second) Ayres and Mitchell were under his control and were obeying his orders; (third) this house could not have been open with applicant present without his concurrence and participancy; (fourth) it would have been clearly a violation of the law to have opened the saloon on Sunday for the transaction of its ordinary business or have made a sale in said saloon on Sunday. Our Constitution, in the Bill of Rights, guarantees protection and immunity to parties in criminal actions from giving evidence against themselves. It is evident under the statement of facts that Merrell could not have testified before the grand jury in response to the question propounded to him without making himself a principal in the transaction and thereby incriminating himself. Against this condition of things the Constitution guarantees him protection. (Const., art. 1, sec. 10); Ex parte Sauls & Andrews, 46 Texas Crim. Rep., 209; Ex parte Wilson, 39 Texas Crim. Rep., 630; Ex parte Park, 37 Texas Crim. Rep., 590. In the opinion of the latter case, the question here involved was so thoroughly discussed and answered that we deem it unnecessary to enter into a further discussion, and refer to the authorities already cited. The relator is ordered discharged from custody.

*Discharged.*

Brooks, Judge, absent.