## Ex Parte Lucian Hughes.

### No. 176.   Decided October 20, 1909.

**Contempt—Witness—Incriminating    Testimony—Constitutional    Law—Grand Jury.**

Where the relator was fined for contempt of court for refusing to answer questions by the grand jury as a witness, and it appeared that the questions propounded to him tended to incriminate him, the court below erred, as under section 10 of the Bill of Rights, and article 4 of the Code of Criminal Procedure, the relator could not be compelled to give evidence against himself. Following Ex parte Sauls et al., 46 Texas Crim. Rep., 209, and other cases.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a fine for contempt of court for failing to answer questions by the grand jury; penalty, a fine of $100 and confinement in the county jail until he answered questions.

The opinion states the case.

*Cooper & Stanford,* for relator.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Applicant was adjudged by the district judge guilty of contempt of court for failing to answer certain questions before the grand jury.

The agreed statement of facts and the decree of the court adjudicating the facts and reasons for adjudging applicant in contempt are set forth in the record. The judgment of the court was entered on July 13, 1909; and recites that on a former day of the court, to wit: the day previous, the grand jury came into court bringing applicant with them, and reported to the court in writing that applicant had been summoned and sworn as a witness and had refused to testify to certain questions propounded by that body, and asking the court to compel applicant to make answer. The questions are set out as follows: "Were you in the Harrell pool hall in Amarillo,

Potter County, Texas, July 2, 1909, when A. B. Short was assaulted there?" The court informed the witness that he would have to answer, but witness declined to do so, giving as a reason that he was under bond charged with the same offense as that inquired about in said question. The court considered the matter and ordered him to answer, otherwise he would be held in contempt of court. The grand jury and witness retired, and the witness persisted in refusing to testify to the questions. The grand jury again came before the court, bringing applicant with them and through their foreman presented another report and complaint in writing, informing the court that witness again refused to testify in obedience to the order the court had previously granted, and they reported they had again sworn witness and asked him in regard to the matter the following certain questions, which are all shown in writing, to wit: "Where were you on the evening of July 2, 1909, about seven o'clock, when A. B. Short was assaulted in the Harrell pool hall in Amarillo, Potter County, Texas," and "did you hit or assault the man, A. B. Short," and "what has Luther Hughes ever told you about the said assault upon A. B. Short?" The witness again declined to answer for the reason that he was under bond for the same offense inquired about, whereupon the court asked witness in person if he refused to answer said questions. He answered in the affirmative, and still refusing to testify, he again gave as his reason for so doing that he was under bond for the same offense inquired about in said questions, but did not say that the answers would incriminate him. The court then and there informed appellant that the grand jury had a right to inquire about these matters, and that the questions were each and all proper questions, and if he refused he would be held in contempt of court and dealt with accordingly. He still refused to testify or answer the questions, whereupon the court entered his order holding witness in contempt of court, entered a fine and sent him to jail until he should be willing to testify. The judgment entered fined him one hundred dollars for contempt of court and committed him to jail until he testified. Subsequently, he informed the court that the answers would incriminate him. It appears from the record that one Short was struck with a billiard cue in the pool hall mentioned, and that applicant and his brother Luther were very much alike in personal appearance, being twin brothers. Both of them were placed under arrest charged with the offense, applicant's bond being fixed at five hundred dollars, and he was charged with assault upon A. B. Short by striking him with a billiard cue.

Applicant's contention is that the fine for contempt is illegal and in violation of the Constitution and laws of this State which protect him from being forced to give evidence against himself in a case wherein he is prosecuted. We are of opinion this contention

is sound.    Section 10 of the Bill of Rights, and article 4 of the Code of Criminal Procedure provide that an accused party "shall not be compelled to give evidence against himself." The forms of the questions set out in the order adjudicated and entered by the court show the direct question was put to the applicant as to whether or not he struck A. B. Short, and also as to where his brother was at the time.    Both of these questions would tend to criminate, or might tend to criminate applicant, and if he inflicted the blow upon Short would actually do so.    Of course, he could not be forced to testify if he testified to facts that showed his brother was not present, as there was only one blow struck, for this would be equally criminative evidence.    After the judgment was entered it is further shown that applicant conferred with his counsel and assigned the further reason that it would incriminate or tend to incriminate him to answer the questions.    In stating the matter to the court, without consultation with the attorneys, the applicant stated he was under arrest for the same offense.    The two answers are practically the same.    Having been charged with the offense inquired about, he was relieved from answering the questions.    The court was not justified in fining him for contempt of court in failing or refusing to answer.    This question is not a novel one in Texas, and has been before the court several times.    Ex parte Park, 37 Texas Crim. Rep., 590; Ex parte Wilson, 39 Texas Crim. Rep., 630; Ex parte Sauls et al., 46 Texas Crim. Rep., 209.    For other authorities see cases cited.    We deem it unnecessary to discuss the matter further in view of the plain provisions of the Constitution, the statute, and the adjudicated cases construing these provisions of the Bill of Rights and the statute.

It is ordered that applicant be discharged from custody.

*Discharged.*

Brooks, Judge, absent.