## SOVEREIGN CAMP WOODMEN OF THE WORLD v. BAILEY.

(Court of Civil Appeals of Texas. San Antonio. Feb. 4, 1914. Rehearing Denied Feb. 25, 1914.)

1. EVIDENCE (§ 123*)—RES GESTÆ.

In a suit on a benefit certificate issued by a fraternal beneficiary association, the by-laws of which provided that the certificate should be void if the insured should die in consequence of a violation of any law, it appeared that insured was killed while engaged in a brawl. Held, that evidence of declarations made immediately after the killing by one of the men who was present that the killing was in self-defense was admissible as part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368; Dec. Dig. § 123.*]

2. INSURANCE (§ 825*)—MUTUAL BENEFIT INSURANCE—ACTIONS—JURY QUESTION.

In an action against a mutual benefit insurance association, evidence on the question whether insured met his death while in violation of law held sufficient to go to the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2009; Dec. Dig. § 825.*]

3. WITNESSES (§ 292*)—PRIVILEGE OF WITNESS.

In general, a witness may decline to answer any question which tends either directly to criminate him, or which may indirectly produce such result.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1008; Dec. Dig. § 292.*]

4. WITNESSES (§ 307*)—PRIVILEGE—INCRIMINATION.

Under Const. U. S. Amend. 5, providing that no person shall be compelled in any criminal case to be a witness against himself and under the state Const. art. 1, § 10, providing that, in all criminal prosecutions, the accused shall not be compelled to give evidence against himself, a witness in a civil suit desiring to be relieved from answering a question, on the ground that it will tend to incriminate him, cannot sit silently by and refuse to answer without giving a reason for his silence, but must swear that he believes his answer would incriminate him, it being for the court to determine the question of privilege.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1061–1064; Dec. Dig. § 307.*]

5. WITNESSES (§ 292*)—PRIVILEGE—INCRIMINATORY STATEMENT.

The privilege of refusing to answer questions on the ground that it would tend to incriminate the witness cannot be put forward for the purpose of concealing facts in the interest of some third person.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1008; Dec. Dig. § 292.*]

Appeal from District Court, Victoria County; John M. Green, Judge.

Action by O. F. Bailey against the Sovereign Camp Woodmen of the World. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

A. H. Burnett, of Omaha, Neb., and E. D. Henry, R. L. Daniel, and Augustus McCloskey, all of San Antonio, for appellant. Proctor, Vandenberge & Crain, of Victoria, for appellee.

FLY, C. J. Appellee, as guardian of the estate of Willie Lee Bailey, a minor, sued appellant, a fraternal beneficiary association, to recover the sum of $3,000, alleged to be the amount due upon a benefit certificate issued to W. L. Bailey, the father of the minor, by appellant, said father having lost his life on the 1st day of April, 1912. Appellant answered by general and special exceptions, and that Bailey, in his application for insurance, had bound himself to abide by the constitution and by-laws of the association,

one of which was that his certificate should be null and void if the insured should die in consequence of the violation or attempted violation of any law of the state or the United States; that the policy or certificate provided that, if the member holding the same should meet his death or die in consequence of the violation or attempted violation of the laws of the state or the United States, the certificate should become null and void, and all rights thereunder forfeited; that said W. L. Bailey was at the time of his death engaged in an unlawful assault upon one Alvin Holzheuser, at or near the home of William Hutchinson, in Victoria county, and was carrying on or about his person a pistol and was attempting to murder one Charles Holzheuser by shooting him with the pistol, and that he was killed by the Holzheusers in defense of their lives. The jury, under instructions from the court, after hearing the testimony, returned a verdict for appellee for $3,000, upon which verdict the judgment was rendered from which this appeal has been prosecuted.

[1, 2] Mrs. Hutchinson, a sister of the Holzheusers, one or both of whom killed W. L. Bailey, swore that Bailey came to her house to see his little daughter, who at that time was about two years old, and that Alvin Holzheuser was there also, and, at the request of Bailey, the two men went out of the house, and they had been out only a short while when she heard shots, and almost immediately she saw her brother Charles leading Alvin around the corner of the barn to the well, that Alvin's head was bleeding, and they rinsed it at the horse trough. She asked them what they had done, and Charles replied: "I had to do it, or he would have killed both of us." The barn was about 60 or 75 yards from the house. Alvin had a long wound on the forehead. Will Hutchinson testified that he was talking to Charles Holzheuser, about 36 feet from the corner of the barn, when a shot was fired back of the barn, and Charles ran around the corner and shots were again fired—four, five, or six of them. One shot was fired just as Charles went around the corner. Immediately after the shots were fired, Charles came back, leading Alvin, whose head was covered with blood. The witness said Charles told him, then and there, that, if he had not killed Bailey, the latter would have killed both of them. L. O. Hudler, a constable, said he found a six-shooting pistol lying beside the dead body of Bailey, behind the barn, and about 60 steps from the residence. Bailey had on a belt and scabbard. The pistol had two empty shells. They had been recently fired. The pistol belonged to an uncle of Bailey, and the dead man was not authorized to carry a pistol. Mrs. Hutchinson intimated that her brother Charles and deceased had a previous difficulty. ...

The declarations of the Holzheusers, hav-ing been made immediately after the shooting and in connection therewith, were a part of the res gestæ, and with probative force as to how the killing occurred. Railway v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902. Those declarations, taken in connection with the other circumstances, were sufficient to take the case to the jury. Uncontradicted, they tend to show that W. L. Bailey was violating the laws of Texas when he was killed. We will not further discuss the testimony. It is sufficient to say that the case should have been submitted to the jury.

[3-5] It is probable that the Holzheusers would not have criminated themselves by testifying in regard to the killing of Bailey, and merely invoked the rule to protect their infant niece from the consequences of their testimony. The general rule, whether a salutary one or not, is that a witness may decline to answer a question which tends either directly to criminate him, or which may indirectly produce such an effect. Chamberlayne, Mod. Law of Evidence, § 1444a et seq. The Constitution of the United States (fifth amendment) provides that no person "shall be compelled in any criminal case to be a witness against himself," and in the state Constitution (art. 810), it is provided that in all criminal prosecutions the accused "shall not be compelled to give evidence against himself." Strictly construed, the constitutional safeguard in question does not include any case except one for crime, in which the witness is the defendant, but the immunity has been extended by some courts to witnesses testifying in other cases than their own. In a majority of cases, however, the right to protection against giving evidence that might be used to incriminate the witness has been confined to criminal cases. McGorray v. Sutter, 80 Ohio St. 400, 89 N. E. 10, 24 L. R. A. (N. S.) 165, 131 Am. St. Rep. 715, and cases cited in note. In that case it was held that the answer of the witness as to incrimination should not be conclusive in all cases, but the court may determine, from all the facts and circumstances, whether or not the answer might incriminate the witness. The same rule has been laid down in Texas, even in criminal cases. Floyd v. State, 7 Tex. 215; Ex parte Park, 37 Tex. Cr. R. 590, 40 S. W. 300, 66 Am. St. Rep. 835; Ex parte Andrews, 51 Tex. Cr. R. 79, 100 S. W. 376.

When a witness desires to be relieved from answering a question, he must swear that he believes that his answer would incriminate him. He cannot sit silently by and refuse to answer without giving a reason for his silence. Rosendale v. McNulty, 23 R. I. 465, 50 Atl. 850; Ex parte Stice, 70 Cal. 51, 11 Pac. 459; Scott v. Miller, 5 Jur. N. S. 858, cited in note to the Ohio case herein cited. The privilege cannot be put forward for the purpose of concealing facts in the interest of some third person. People v.

Foundry Co., 201 Ill. 236, 66 N. E. 349; Re Moser, 138 Mich. 302, 101 N. W. 589, 5 Ann. Cas. 31; Lewisohn v. O'Brien, 176 N. Y. 253, 68 N. E. 353.

In this case, if it should not appear that the evidence asked of the Holzheusers as to the killing of L. H. Bailey would subject them to any danger from a criminal prosecution, but that the rule intended for the protection of accused persons is being used to protect the interests of the minor child, they should be compelled to answer. They should be compelled to swear unequivocally that their testimony would incriminate them, and then the court should be satisfied that there is reasonable ground to apprehend danger to the witnesses from their being compelled to answer.

The judgment is reversed, and the cause remanded.