## SOVEREIGN CAMP OF WOODMEN OF THE WORLD v. BAILEY.    (No. 5605.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1916. On Motion for Rehearing, March 1, 1916.)

1. INSURANCE ☞819—MUTUAL BENEFIT INSURANCE—ACTIONS—EVIDENCE.

In an action on a beneficiary certificate providing that there should be no recovery if insured died in consequence of violation or attempted violation of law, evidence *held* to warrant judgment against the insurer not showing that insured so met his death.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 2006, 2007; Dec. Dig. ☞819.]

2. WITNESSES ☞293½ — EXAMINATION — SELF-INCRIMINATION.

The rule that a person cannot be compelled to give testimony which would incriminate him applies, not only to criminal cases, but to civil cases.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1011; Dec. Dig. ☞293½.]

### On Motion for Rehearing.

3. WITNESSES ☞307 — EXAMINATION — INCRIMINATORY STATEMENTS.

Where a witness unequivocally stated that to answer statements might incriminate him, the

court properly refused to compel him to answer such questions, though on cross-examination he became confused as to the incrimination.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1061–1064; Dec. Dig. ☞307.]

Appeal from District Court, Victoria County; John M. Green, Judge.

Action by O. F. Bailey, guardian, against the Sovereign Camp of the Woodmen of the World. From a judgment for plaintiff, defendant appeals. Affirmed.

A. H. Burnett, of Omaha, Neb., R. L. Daniel, of Victoria, and Henry, McCloskey & Robertson, of San Antonio, for appellant. Proctor, Vandenberge, Crain & Mitchell and Fly & Ragsdale, all of Victoria, for appellee.

FLY, C. J. Appellee, as guardian, sued appellant to recover for Willie Lee Bailey, his ward, on a beneficiary certificate for $3,000, which was issued by appellant, payable to the ward upon the death of W. L. Bailey, who was the insured. This is a second appeal of this case. 163 S. W. 683. The cause was tried by jury, resulting in a verdict and judgment for appellee in the sum of $3,000, with interest at 6 per cent. from July 1, 1912.

The jury was justified in finding that W. L. Bailey came to his death, without his fault, at the hands of Charles and Alvin Holzheuser. He was shot in the side of the head and in the breast, and, although he was a right-handed man, his pistol was found lying near his left hand. The pistol had two discharged cartridges in it, but the evidence fails to show that Bailey fired the first shot, or, if he did, that it was not fired after he had been attacked. The two shots might have been fired from the pistol after Bailey was dead, and the pistol then placed near his left hand. No one saw the shooting, except the Holzheusers, and the declaration made by Charles Holzheuser that he shot Bailey to prevent him from killing both of them is not a probable story, in the light of the fact that he was shot in the side of the head back of the ear, but, if it was true, the man who made the declaration was not present when the first shot was fired, and could not state who started the difficulty, but could only speak as to the situation when he ran around the house to the place where he heard the firing. Alvin Holzheuser, who was there when the difficulty started, made no declaration as to how the matter began. Bailey could have been acting purely in self-defense, and still Charles Holzheuser could have truthfully said that, if Bailey had not been killed, he would have killed both the Holzheusers.

[1] The burden of proof was upon appellant to show that Bailey brought on the difficulty in which he lost his life. It set up as its defense the section in the beneficiary certificate which precluded recovery of the insurance money if the insured died in consequence of violation or attempted violation of laws of the state or the United States. The

jury found that Bailey did not so die, and in view of the testimony they were justified in so finding. The testimony failed to disclose that Bailey began the conflict, and it was perhaps more probable that Alvin Holzheuser began the difficulty and inflicted a wound on Bailey, for there were two wounds, before he drew his pistol. The Holzheusers wore pistols, and were prepared to take some one's life, and had come from their field with the weapons on their persons. One of the wounds was in the breast, and the other in the head just above the left ear. In this connection it may be said that the charge placed no greater burden upon appellant as to Bailey being engaged in a violation of law in consequence of which he lost his life than the law enjoins. There was nothing in the charge to mislead the jury, but it gave the law fully and clearly.

It may be, as contended by appellant, that under the same state of facts a court trying the Holzheusers for the murder of Bailey would instruct a verdict of not guilty but it would be on the ground that the state had failed to show who began the difficulty, and under the rules of the presumption of innocence and reasonable doubt no conviction could be had, but that verdict would not be proof that Bailey was the aggressor. It would not show the probative force of the circumstances as to Bailey being the aggressor, but rather a lack of testimony as to who began the conflict. The burden would be on the state in the criminal case; it is on the appellant in the civil case. The testimony was too uncertain to justify a verdict that Bailey died in consequence of a violation of law on his part. Under the testimony no one could reasonably conclude that Bailey was the aggressor. The affair was shrouded in mystery.

[2] The Holzheusers swore that it would tend to incriminate them to tell about the circumstances surrounding the killing and the trial judge, in the exercise of a wise discretion, was of the opinion that their evidence, if they told the truth, would tend to incriminate them. There were a number of questions asked by appellant, answers to which could not possibly have tended to incriminate the Holzheusers, but the answers to the questions, no matter what they were, could not have had any materiality. The record presents a case for the application of the rule which shields a witness from answers that might incriminate him, as held in our former opinion and other authorities. Greenleaf on Ev. § 451; Ex parte Hughes, 57 Tex. Cr. R. 82, 121 S. W. 1118; Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110. In the last case cited the Supreme Court of the United States says:

"It is impossible that the meaning of the constitutional provision can only be that a person shall not be compelled to be a witness against himself in a criminal prosecution against himself. It would doubtless cover such cases; but it is not limited to them. The object was to in-

sure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime. The privilege is limited to criminal matters, but it is as broad as the mischief against which it seeks to guard."

That ruling is broad enough to cover any kind of case in which a person is called as a witness. To the same effect is the case herein cited, which was decided by the Court of Criminal Appeals of this state. In that case the witness was permitted to consult with his attorney as to the propriety of his answering certain questions, and after that consultation stated that his answers would incriminate or tend to incriminate him.

The judgment is affirmed.

### On Motion for Rehearing.

[3] It is earnestly insisted by appellant that Alvin Holzheuser did not state that the evidence he refused to give would incriminate and this court is adjured to adhere to its opinion on the former appeal. The court asked the witness: "Mr. Holzheuser, do you swear unequivocally that the answer to this question might incriminate you?" To which he answered: "Yes." It is true that the witness became somewhat confused on a cross-examination, but the trial judge ruled that his evidence would incriminate him, and he was in better position to understand the surroundings than this court. The witness stated positively that the evidence would incriminate him. The court very properly held: "It is not within my province to say it would not." The other Holzheuser was asked: "Do you refuse to answer all these questions because you fear they might incriminate you?" He answered: "Yes."

The motion for rehearing is overruled.