# JUNE 1919.

Ex Parte Roberto Sanchez and Cuca Trevino ( alias Jane Doe).

No. 5458.    Decided June 4, 1919.

**Habeas Corpus—Contempt—Privilege of Witness.**

The relators were fined for contempt for refusal to answer questions as witnesses before the grand jury; if the statements in their application for writ of habeas corpus that they pleaded their privileges as witnesses because they were defendants in the matter inquired about, be true, they should not be fined for contempt, if not true, they should be tried on the controverted questions of fact before the trial judge; they are therefore discharged under bond to appear before the District court for further proceedings. Following Ex parte Wilson, 39 Texas Crim. Rep., 630, and other cases.

From Dallas County.

Original habeas corpus proceedings asking discharge from arrest as witnesses refusing to answer questions before grand jury, under judgment of contempt.

The opinion states the case.

No brief on file for relators.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, Judge.—Relators have made application for a writ of *habeas corpus* to this court charging in substance that they were adjudged guilty of contempt of court for refusal to answer questions propounded to them by the grand jury of Dallas County. In their sworn petition they make the following statement:

"Your petitioners show that they were arrested without warrant on the 15th day of May, 1919, and placed in jail at Dallas County. That thereafter, on the morning of the 16th day of May, 1919, while under arrest, they were carried before the Grand Jury of Dallas County and sworn as witnesses. That when they were called upon to testify before the grand jury they each plead their privileges as a witness and respectfully told the grand jury that they understood that they were defendants in the matter inquired about, and that they declined to make a statement, as any statement they might make might incriminate themselves respectively."

If this statement is true in substance the petitioners should not have been compelled to give their testimony before the grand jury. Ex parte Wilson, 39 Texas Crim. Rep., 630; Ex parte Merrell, 50 Texas Crim. Rep., 193; Ex parte Hughes, 57 Texas Crim. Rep., 82; Ex parte Park, 37 Texas Crim. Rep., 590; Wilson v. State, 41 Texas Crim. Rep., 115. If the truth of it should be controverted, this court, being one organized and maintained in the main for the exercise of appellate jurisdiction, is not in a.,position to determine controverted questions of fact. It is ordered that the application be granted; that the relators be each discharged from the order holding them for contempt upon the executiion of a bond in the sum of $100 conditioned according to law and securing their attendance upon Criminal District Court No. 2 of Dallas County, Texas. to abide its order, and that said writ be returned to and heard by said court.

*Relators discharged conditionally.*