## McCOSLIN v. STATE. (No. 7929.)

(Court of Criminal Appeals of Texas. Dec. 5, 1923.)

**1. Witnesses ⊜⇒414(2)—Testimony of witness as to giving facts to county attorney held not improper, because tending to corroborate her.**

Proof of the mere fact that first person to whom witness related her knowledge of pertinent testimony was the county attorney, if objectionable at all, would not be so upon the ground that her testimony to such fact corroborated her.

**2. Criminal law ⊜⇒452(3)—Witness may not identify by voice, unless he is familiar with voice.**

The judgment of a witness who thinks himself able to identify one by hearing his voice should not be admitted. unless familiarity therewith to some extent is shown; the weight of such testimony being dependent upon the degree of familiarity.

**3. Intoxicating liquors ⊜⇒233(2)—Finding, after arrest, of liquor in accused's house held admissible to show manufacture.**

Evidence that, a few days after his arrest, whisky was found in the home of accused, charged with manufacturing liquor, held admissible as a circumstance tending to show manufacture.

**4. Intoxicating liquors ⊜⇒233(2)—Finding of liquor in car occupied by accused and another held admissible in prosecution for manufacturing.**

Evidence that liquor was found in a car occupied by accused and H. at the time of accused's arrest on a charge of manufacturing liquor held admissible for what weight the jury might give it as showing guilt of accused. either alone or in connection with H., notwithstanding accused's denial of his connection with the liquor so found, and in spite of proof that he did not have the key to the car.

**5. Criminal law ⊜⇒412(3)—Things done and said by accused in connection with another interested in manufacture of liquor held admissible.**

In a prosecution for manufacturing liquor, testimony of things done and said by accused in connection with H., accused's companion, and whose interest and activity in the manufacture of the liquor in question was conceded, held admissible against accused as proper circumstances to be considered by the jury.

**6. Criminal law ⊜⇒1170½(1)—Permitting witness, admitting conflicting statements, to repudiate one of them held not reversible error.**

Where a witness has admitted that he swore two ways about a given matter, his statement that his last testimony was true and his statement that he did not know why he did not tell the truth the other time were not important, and neither statement, though made over objection, presented any serious error.

**7. Witnesses ⊜⇒414(2)—Testimony of witness making inconsistent statements is sustainable by proof of statements, previously made elsewhere. similar to his present testimony.**

A witness, who admits on cross-examination that he had made a statement at some other time and place variant from that now made by him may be sustained by proof that he made similar statements to those as presently testified. at other times and places.

**8. Intoxicating liquors ⊜⇒233(2)—Possession of liquor two days after alleged manufacture held admissible in prosecution for unlawful manufacture.**

Possession of liquor two days from the date of the alleged manufacture held admissible as a circumstance against one charged with the unlawful manufacture of such liquor.

**9. Intoxicating liquors ⊜⇒233(2)—Evidence witness, when in accused's company. was drinking liquor not obtained from him. held not objectionable in prosecution for manufacturing it.**

Where. in a prosecution for manufacturing liquor, accused's witness testified that on a certain occasion when he had been with accused,

under what the state thought were suspicious circumstances, he got no liquor from accused, permitting state to show by witness on cross-examination that he (witness) was drinking whisky on that occasion, *held* not objectionable.

**10. Criminal law ⬤⟹417(15)—Admission of accused's companion that latter made liquor held not available to accused charged with illegal manufacture.**

In a prosecution for unlawful manufacture of liquor, in which the state claimed that H., accused's companion, acted with accused in the alleged manufacture, statements by H., made after accused's arrest. that he, H., made the liquor himself, *held* not provable on behalf of accused.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Ed McCoslin was convicted of manufacturing intoxicating liquor, and appeals. Affirmed.

Nat Llewellyn, of Marlin, for appellant.

Tom Garrard, State's Atty., of Midland, and Grover C. Morris, Asst. State's Atty., of Devine, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Falls county of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

[1] The facts seem amply sufficient to support the jury's conclusion of guilt, and need not be set out at length. One Mrs. Burt was an important witness for the state. There had been one trial of the case, resulting in a hung jury, at which she was not called as a witness. It appears from the qualification of appellant's bill of exceptions No. 1 that upon cross-examination of this witness by the defense it was shown that she became a witness after the former trial, and after she had moved away from the premises upon which the alleged manufacture of liquor took place. Also an effort appears to show that she had gotten mad with appellant and his brother prior to becoming such witness. On redirect examination by the state she was asked to whom she had first told the things testified by her, and stated that it was to the county attorney. The objection to this was that she could not thus corroborate herself. The contention is not sound. The authorities cited do not seem to support it. Dorman v. State, 64 Tex. Cr. R. 104, 141 S. W. 526, reflects statements proven on direct examination before attack of any character upon the credibility of the witness. This clearly differentiates said case. The other authorities cited show proper rulings as to testimony which could be but hearsay. Proof of the mere fact that the first person to whom witness related her knowledge of pertinent testimony was the county attorney, if objectionable at all, would not be so upon the ground that her testimony of such fact corroborated her.

[2] A witness testified that, a short time before the arrest of appellant, two men in a car, the top of which was down, and in which he saw what looked like a still—passed him in the night, and he heard them talking, and saw them; one of them was a man named Hubbard, whose interest and activity in the manufacture of the liquor in question seems conceded; that he would not swear to the voice of the other man, having seen appellant but two or three times, but that he thought he knew his voice, and that he took the other man to be appellant. Mr. Branch cites many cases under section 2483 of his Annotated P. C. as sustaining the proposition that merely because a witness cannot be positive in matters of identification does not make his testimony inadmissible but goes only to its weight. The judgment of a witness who thinks himself able to identify one by hearing his voice should not be admitted, unless familiarity therewith to some extent is shown, and such testimony would be of greater or less weight dependent upon the extent of such familiarity.

[3] The finding of a quantity of whisky in the home of one charged with manufacturing liquor, a few days after his arrest, would be admissible as a circumstance tending to show such manufacture.

[4, 5] The place where it was claimed that whisky was being manufactured was in the garage of an elderly man named Leuschner. Mrs. Leuschner testified that the still was in said garage, and that she saw appellant around there, and told him he must make Hubbard move it, and appellant told her they would move it. Further this witness testified, "When I got after Ed (appellant) about it he said he was going to move it." She also stated that she saw appellant and Hubbard start to Marlin in her husband's car on the occasion of the arrest of appellant. Complaint is made that the state was permitted to prove that in said car, when same was searched at Marlin on the occasion of appellant's arrest, was found a suit case containing four quarts of whisky and a sack of corks. Hubbard evaded arrest at said time, and it is shown that appellant denied any connection with said liquor. Notwithstanding such denial and proof of the fact that appellant did not have the key of said car, the fact of the finding of such liquor in the car and the circumstances attendant thereon were admissible for what weight the jury might give same as showing the guilt of appellant, either alone or in connection with Hubbard. The record is replete with testimony of things done and said by appellant, in connection with Hubbard, which were proper circumstances to be considered by the jury.

[6] That a witness, who has admitted that he had sworn two ways about a given mat-

ter, was asked which statement was true would seem of little moment; so also would his statement that he did not know why he did not tell the truth the other time. We think neither statement, though made over objection of appellant, would present any serious error.

[7] A witness, who admits on cross-examination that he has made a statement at some other time and place variant from that now made by him, may be sustained by proof that he made similar statements to those now given, at other times and places. Romero v. State, 56 Tex. Cr. R. 437, 120 S. W. 859.

[8] It is complained that the state was allowed to prove appellant in possession of liquor two days from the date of the alleged manufacture. We think this provable as a circumstance against one charged with the unlawful manufacture of such liquor.

[9] A witness for the appellant was used to prove that on a certain occasion, when he had been with appellant under what the state thought were suspicious circumstances, he got no liquor from appellant. That the state was permitted to show by him on cross-examination that he was drinking whisky on said occasion would not seem objectionable.

[10] Statements made by Hubbard, who is claimed by the state to have acted with appellant in the alleged manufacture of whisky, offered by the defense, and which were made after the arrest of appellant in this case—the purport of said statements being that Hubbard himself made the liquor and that appellant was not connected therewith, were not provable on behalf of appellant. Campbell v. State, 62 Tex. Cr. R. 561, 138 S. W. 607; Walsh v. State, 85 Tex. Cr. R. 208, 211 S. W. 241; Staton v. State, 93 Tex. Cr. R. 356, 248 S. W. 356; Sanchez v. State, 85 Tex. Cr. R. 380, 213 S. W. 271; Nothaf v. State, 91 Tex. Cr. R. 381, 239 S. W. 215, 23 A. L. R. 1374.

We have examined each of the other contentions made on behalf of appellant, and find nothing in them calling for a discussion.

No error appearing in the record, an affirmance will be ordered.