**McCALL et al. v. LEWIS et al.**     **(No. 6730.)**

(Court of Civil Appeals of Texas. Austin. Feb. 27, 1924. On Motion for Rehearing, April 30, 1924.)

**1. Schools and school districts ⚖➝103(2) — Judgment declaring school tax election void held erroneous.**

As statutes relating to contest of elections do not authorize contest on ground that law under which election was held was void or that it did not authorize such election as was held, judgment in proceedings to contest, declaring school tax election to be void because it was not authorized by law, *held* erroneous.

**2. Elections ⚖➝271 — Grounds of contest stated.**

An election cannot be contested on ground that law authorizing it was void, but only for some statutory reason showing it was not properly ordered as to form, or fairly conducted, or that illegal votes were cast or some other matter impeaching fairness of result.

**3. Elections ⚖➝269—Contest not tried as civil suit, but in mode authorized by statute.**

An election contest, not being a civil suit, must proceed in conformity with Vernon's Sayles' Ann. Civ. St. 1914, arts. 3046–3078h, authorizing mode, manner, and grounds on which elections may be contested.

⚖➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Schools and school districts ⬤➡103(2) —**
**Acts authorizing election to increase tax levy**
**not invalid.**

Rev. St. arts. 2827, 2828, as amended by
Acts 37th Leg. 1921, c. 24, §§ 1, 2 (Vernon's
Ann. Civ. St. Supp. 1922, arts. 2827, 2828),
providing for levy, of taxes by school districts,
*held* not void as attempt to delegate to local
school trustees and county school superintend-
ent power to fix amount of tax to be levied
and to voters power to vote tax of indefinite
amount.

**5. Injunction ⬤➡80—Election to be noncon-**
**tested on ground that law authorizing it is**
**void; injunction remedy to prevent enforce-**
**ment of election under void law.**

An election cannot be contested on ground
that law authorizing holding it is void, remedy
being injunction to prevent enforcement of
election.

**6. Schools and school districts ⬤➡108(1)—Dis-**
**trict may vote for special tax not to exceed**
**75 cents on $100 valuation.**

Under Rev. St. arts. 2827, 2828, as amend-
ed by Acts 37th Leg. 1921, c. 24, §§ 1, 2 (Ver-
non's Ann. Civ. St. Supp. 1922, arts. 2827,
2828), authorizing an election to vote on special
tax either at a specific rate or a rate not ex-
ceeding $1 on $100 valuation of property in
school district, district may vote tax not to ex-
ceed 75 cents on $100 valuation, not specifying
definite rate.

On Motion for Rehearing.

**7. Statutes ⬤➡190—Legislative intent not con-**
**strued against specific language.**

Courts cannot construe intent of Legisla-
ture against its specific language used in pas-
sage of act.

**8. Schools and school districts ⬤➡103(2) —**
**Statutes providing no election shall be held**
**within year and two years after election on**
**tax question construed; "abrogate;" "in-**
**crease;" "diminish."**

Rev. St. art. 2828, as amended by Acts 37th
Leg. 1921, c. 24, § 2 (Vernon's Ann. Civ. St.
Supp. 1922, art. 2828), authorizing not more
than one election to be held within year from
date of election to vote on tax question, re-
lates to district where no tax has been voted,
and Rev. St. art. 2833, providing, where main-
tenance tax has been voted, no election to re-
voke, modify, or increase it shall be held with-
in two years, to districts in which tax is al-
ready in existence; "abrogate," "increase," and
"diminish" connoting change or alteration in
original tax.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Dimin-
ish; Increase; Second Series, Abrogate—Abro-
gation.]

**9. Appeal and error ⬤➡781(4)—Question of**
**validity of election not moot by reason of sec-**
**ond election which followed judgment declar-**
**ing first election void.**

Since under Rev. St. art. 2833, a mainte-
nance tax for independent school district once
voted remains unalterable for two years, where

election to vote on tax question was not suc-
cessfully contested and held not to have car-
ried, second election immediately following trial
court's judgment declaring election to be void
was of no effect, and hence question of valid-
ity of first election does not become moot by
reason of second election.

Appeal from District Court, Milam Coun-
ty; John Watson, Judge.

Election contest by E. J. McCall and oth-
ers against A. J. Lewis and others. Judg-
ment for defendants, and plaintiffs appeal.
Appeal dismissed.

Chambers, Wallace & Gillis, of Cameron,
for appellants.

W. A. Morrison, of Cameron, for appellees.

BLAIR, J. Appellants instituted this suit
to contest an election ordered by the county
judge of Milam county, for the purpose of
determining whether the qualified voters of
a certain common school district in said com-
munity would by a majority vote increase
the maintenance tax theretofore levied in
said common school district, alleging irregu-
larities occurring during the election as
grounds why the declaration of the results
of said election by the commissioners' court
of said county in favor of an increase in
said maintenance tax should not be permit-
ted to stand. A notice of appellants' desire
to contest the election was served by the
sheriff of Milam county, upon A. J. Lewis
and J. A. Kemp, county attorney and county
judge, respectively, of Milam county, being
the parties named in the statute upon whom
service of notice might be had in cases of
this character, and a copy of appellants'
petition filed in this cause setting forth the
grounds of the contest accompanied said no-
tice.

Appellees answered in their official capaci-
ties by a general denial, and then admitted
the election ordered to be void because it is
alleged that it was violative of the statutes
relating to elections for the increase of
school taxes, in that the petition averred,
and the order of the county judge granting
the election recited, that said election was
to determine whether or not a tax should be
levied not to exceed 75 cents on the $100 val-
uation, while it is contended the statutes
provide that they should recite that said
election was to determine whether or not a
tax should be levied not to exceed $1 on the
$100 valuation of taxable property in said
district; or that some definite amount should
be stated in said petition and order. Accom-
panying this answer were copies of the peti-
tion and the order of the county judge call-
ing the election in controversy; and appel-
lees prayed that the election be declared void.

Appellants filed a general demurrer to ap-
pellees' answer, which was overruled; and
upon a finding that the facts alleged in ap-

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pellees' answer were true, the court entered its order declaring the election void, and found that it was unnecessary to pass upon the facts alleged in appellants' petition, in view of such holding; to which ruling and holding of the court the appellants duly excepted, gave notice of an appeal, and have perfected said appeal to this court upon a supersedeas bond.

[1] The findings of fact by the trial court are as follows, and we adopt them as our own findings of fact in this case:

"(1) I find that heretofore on the 30th day of April, 1923, a petition was filed with the county judge of Milam county, Tex., asking for an election in said Yarrellton common school district No. 55, of Milam county, Tex., as shown by said petition in evidence, and that in pursuance of said petition the county judge duly ordered said election, and the same was duly held in accordance with said petition and in accordance with said order for said election.

"(2) I find that in said petition, the petitioners ask for an election to determine whether or not the rate of taxation in said district should be increased from the present rate of 50 cents to a rate of 'not exceeding 75 cents on the $100 valuation of taxable property in said district'; and that the order for said election conformed to said petition."

The conclusions of law found by the trial court state the propositions of law involved in this appeal:

"I conclude from an inspection of said petition and said order for election which were adduced in evidence upon this hearing, that the character of election asked for in said petition and provided for in said order, and held thereunder, is not provided for by law, and that the petition and order for the election to be valid would have to be for a rate of taxation not exceeding $1 on the $100 valuation of taxable property, or for some specific rate as provided by law, and that said petition nor said order for said election complied with such requirement of law, and that in consequence there was no provision of law for the holding of the character of election provided for, and that in consequence the election was void and no levy or taxation could be made thereunder, and being of such an opinion, a judgment was entered in accordance therewith."

[2, 3] The trial court seems to have determined, in passing upon appellants' demurrer to appellees' answer, that the petition for and the county judge's order granting the election were violative of the statutes relating to such matters; or that the petition prayed for and the order granted an election not provided for or authorized by such statutes, and therefore the election was rendered void. This judgment of the trial court necessarily construed the law relating to the manner in which the Legislature provided that the qualified voters could increase the maintenance tax for a common school district, and held that the authorities charged with the ordering of the election for that purpose had failed to comply with the pro-

visions of the said law, or had ordered an election not authorized by the said law. Under the view that we take of this case, the trial court's judgment is erroneous. The statutes relating to contests of an election do not authorize such contest upon the ground that the law under which the election was held was void, or that it did not authorize such an election as was held; but the contest must be based upon some ground or grounds provided in the statutes tending to establish that the election was not properly ordered as to form, or fairly conducted, or that illegal votes were cast, or upon some other act which in itself would impeach the fairness of the results of said election. It is not contended by appellees that the petition for, or the judge's order granting, the election were void or irregular because of any defect in themselves; or that the mode and manner in which the same were acted upon and granted in any way impeached the fairness of the election held; but merely that the statutes under which the election was held did not authorize the same, rendering it void. To set aside an election and declare it to be void because not authorized by law, it seems that the proper procedure would be an injunction to prevent its enforcement, as the statutes providing for contests of elections do not specify such as a ground of contest; and since an election contest is not a civil suit and cannot, therefore, be tried by methods prescribed in civil suits, but must proceed in conformity with statutes authorizing such contest, the court's judgment is clearly erroneous. Bassel v. Shanklin (Tex. Civ. App.) 183 S. W. 107, and cases there cited.

Before the amendment to the Constitution in 1891 giving jurisdiction to district courts to try election contests, it was universally held, by the courts construing the statutes then in existence in this state relating to election contests, that to decide the results of an election was a part of the process of political organizations and not of private right; and that where the law provided a mode of deciding cases of election contests designed to be final, the courts had no authority to adjudicate such cases, other than in the manner and for the reasons given by the law to them. Wright v. Fawcett, 42 Tex. 203; Lindsey v. Luckett, 20 Tex. 516. These cases construed statutes relating to election contests practically identical with those now in force in this state. These statutes upon which the above decisions were based were later declared to be void, because held to be in violation of the constitutional provision inhibiting one department of the government from interfering with another branch or department of the government, in the exercise of any function, power, or duty conferred upon it by the sovereignty; hence the reason for amendment to article 5, § 8, of the Constitution, in 1891, conferring jurisdiction

upon district courts to try election contests. It was held by the Supreme Court, in the case of Odell v. Wharton, 87 Tex. 173, 27 S. W. 123, in 1894, that the above referred to amendment to the Constitution was not self-executing, in that it prescribed no rules by which the jurisdiction could be enforced; and that an election contest was not a civil suit, and therefor could not be tried by the proceedings had in civil cases. Evidently this decision caused the Legislature, in 1895, to re-enact practically the provisions of the old articles 1724 to 1726, both inclusive, and articles 1746 to 1751, both inclusive, as brought forward by the Codifying Board in 1893, repealing all conflicting laws into what is now chapter 8, articles 3046 to 3078h, both inclusive, R. S. 1911 and Vernon's Sayles' Ann. Civ. St. 1914, providing the mode, manner, and grounds upon which an election may be contested.

In the case of Bassel v. Shanklin, supra, this court definitely decided the point raised by this proposition against appellees. It was held in that case that an election held for the purpose of adopting a new charter for the city of Belton could not be contested upon the ground that the city council in ordering the election failed to submit to a vote of the people a proper question, provided by the legislative act governing elections of that character, thereby rendering the election void; but that the relief provided in such cases was by an injunction to prevent the enforcement of such an election, citing Thompson v. State, 23 Tex. Civ. App. 370, 56 S. W. 603; State v. Merchant, 38 Tex. Civ. App. 226, 85 S. W. 483; Macon v. Hughes, 36 S. E. 247, 110 Ga. 795.

[4, 5] Neither do we sustain appellees' second proposition for the same reason. By this proposition appellees assert that articles 2827 and 2828, R. S., as amended by the Acts of the 37th Legislature, in 1921, chapter 24, §§ 1 and 2 (Vernon's Ann. Civ. St. Supp. 1922, arts. 2827, 2828), are unconstitutional and void, because it was an attempt on the part of the Legislature to delegate to the local school trustees and the county school superintendent power to fix the amount of tax to be levied, and because it delegates to the voters the power to vote a tax of an indefinite and undefined amount. An election cannot be contested upon the ground that the law authorizing the holding thereof was void. The remedy in such cases is an injunction to prevent the enforcement of the election. Bassel v. Shanklin (Tex. Civ. App.) 183 S. W. 107.

[6] But aside from the fact that the judgment rendered in this case must be set aside for the reasons heretofore assigned, the questions raised by this appeal have been definitely decided adverse to the contention of appellees by this court in the case of Wilbern v. Cone (Tex. Civ. App.) 148 S. W. 818. The petition for the election in this case

prayed for, and the county judge's order granting the election recited that the election was for the purpose of determining whether or not a tax not exceeding 75 cents on the $100 valuation should be levied in said common school district to supplement the state school fund. Article 2828 as amended by Acts 37th Legislature, 1921 (Vernon's Ann. Civ. St. Supp. 1922, art. 2828) provides for the holding of an election "to determine whether such tax shall be levied; provided, said petition shall designate either the specific rate of tax to be levied, or a rate of tax not exceeding one dollar on the one hundred dollars valuation of the taxable property of the district. The order of the county judge shall state the time and place * * * of holding such election and the rate of tax to be voted on, or, the proposition may be for a school tax not exceeding one dollar on the one hundred dollars valuation of taxable property of the district." The statutes further provide that if the proposition shall have been for a tax not exceeding $1 on the $100 valuation, then the commissioners' court shall levy such a rate, within the limit, as shall be determined by the board of trustees and county school superintendent, and certified to said court by the superintendent. The only difference in this act and the act of 1909, under which this court decided the Wilbern v. Cone Case, supra, is that the limit of the tax to be voted was fixed by the 1909 statute at not exceeding 50 cents on the $100 valuation; while the act of 1921 fixed it at not exceeding $1 on the $100 valuation of taxable property in the district. In disposing of the same question then before this court as is now before us on this appeal, the court used the following language:

"It is clear that under this statute it is not necessary, as it was held to be under the former statute, that the election must be for a specific rate. Does it make any difference that the election was for a tax not exceeding 25 cents, instead of not exceeding 50 cents? We think not. Under this statute, the voters may fix a specific rate, if they so desire; and the commissioners' court in such case would be bound by such action. But they may fix an indefinite rate, provided it does not exceed 50 cents on the $100."

Along with the submission of this case was also submitted a motion by appellees to dismiss this appeal, by which it is asserted that the questions raised by appellants' suit are now moot. The moot question contention is based upon the proposition that the trial court held, June 26, 1923, that the election, the results of which appellants are contesting by this suit, was void; that thereafter, June 27, 1923, the voters of the same common school district in question again duly petitioned for another election to determine if a tax of 75 cents instead of the 50 cents theretofore levied on the $100 valuation of taxable property in said district should be author-

ized by said election; that the election petitioned for was duly ordered and held July 23, 1923; that returns were made and canvassed by the commissioners' court, and the results declared by said court in favor of the tax on August 16, 1923, at which time the tax was duly levied; and that said election is now in full force and effect, and the tax authorized is being collected by the proper authority; and therefore the questions involved in this appeal and in appellants' contest of the first election held are moot. Accompanying and attached to said motion to dismiss are certified copies of the election procedure and the order of the commissioners' court declaring the results and levying the tax; also, a certificate of the tax collector of Milam county, to the effect that tax authorized by this election had been placed upon his rolls and was being collected by him.

We do not think the questions presented by appellants' suit contesting the results of the election from which this appeal is taken are moot for the reasons stated by appellees in their motion to dismiss; but do think them moot because the statutes which authorized the holding of the election contested also authorized the second election at the time it was held, which said later election supersedes the former one; and therefore it becomes immaterial whether the results of the former election had been correctly determined and declared. The question, therefore, resolves itself into whether the statutes authorizing the holding of the election contested in this suit also prohibit, or do not authorize, the holding of the second election at the time when it was so held. If the second election, held only a few weeks after the election contested, is authorized, then appellants' suit, contesting only the results declared by the commissioners' court, and not its validity, should be dismissed as presenting only moot questions. Appellants do not contest the election involved in this suit because invalid, but assert its validity, and insist that it was one authorized by the statutes; but that because of certain alleged irregularities in holding it, and because of certain illegal votes being cast at said election, the commissioners' court should have declared the results to be against the tax instead of in favor of it. The election in question was held under the provisions of articles 2827 and 2828, Vernon's Ann. Civ. St. Supp. 1922, enacted by the Thirty-Seventh Legislature in 1921, which act repealed the old articles 2827 and 2828 enacted by the Legislature in 1909, as brought forward by the Codifying Board in the 1911 Revised Statutes. Article 2828 of the act of the Legislature in 1921 authorized "not more than one such election shall be held within a year from the date of such election." The election referred to is the one authorized by said articles 2827 and 2828 of the Acts of

1921, and relates in the instant case to the one being contested. The old article 2828, Act of 1909, authorized "not more than one such election shall be held in the same scholastic year." It is therefore clear from the language used that article 2828, Acts of 1921, authorized one election to be held within a year from the date of such election. Or, in other words, it is provided that a second election may be held within one year from the date of holding the first election called under the provisions of these articles of the statutes. No specific time for the holding of the second election is provided, but is limited to be held within a year from the holding of the first election in any particular year. This being true, it becomes immaterial to appellants' contest whether the results of the first election held be declared for or against the tax, since the second or later election authorized by these statutes supersedes it; and therefore the questions presented by the suit contesting the superseded election become moot, and the cause should be dismissed.

It is therefore ordered that the judgment of the trial court holding the election contested void is hereby set aside; and it is further ordered that appellants' suit contesting the results of the election in question for the irregularities alleged is hereby dismissed as being a suit based upon moot questions.

Judgment of trial court set aside; appellants' suit dismissed.

### On Motion for Rehearing.

PER CURIAM. [7] Appellants insist that since all previous acts of the Legislature gave some permanency to school tax elections, by providing that a second election could not be held within a certain time, that we should construe the intent of the Thirty-Seventh Legislature in passing the amended article 2828, supra, as set forth in the original opinion, to be the same as the former acts. We cannot construe the intent of the Legislature against its specific language used in the passage of an act.

[8] It is also insisted that the amended article 2828, supra, is a part of the act of amendment which is chapter 24, Acts of the Thirty-Seventh Legislature, and that the entire act should be construed to determine if the Legislature intended to provide for more than one election within a year; and that sections 22 and 25 of this act (Vernon's Ann. Civ. St. Supp. 1922, arts. 2860e, 2860h), which are as follows, should control:

"Sec. 22. And provided further that when a proposition to levy such a tax shall be defeated no election for that purpose shall be ordered until after the expiration of one year from the date of the election."

"Sec. 25. Where a maintenance tax has been voted no election to revoke, modify or increase the same shall be held until two years from the

date of the election authorizing such maintenance tax."

These sections apply only to independent school districts. This fact is evidenced by the Legislature leaving in force article 2833 of R. S. 1911, which relates to common school districts, and reads as follows:

"At any time after the expiration of two years after any district has levied a school tax on itself, 20 property tax paying qualified voters, or a majority of such voters of the district, may have an election held, upon the proper petition to the county judge, to determine whether such tax shall be abrogated, increased or diminished."

Appellants further insist that the last-quoted article 2833, supra, should limit and control the amended article 2828, supra, as to the period of time that should elapse between the holding of two elections.

Upon careful consideration of articles 2828 and 2833, we have reached the conclusion that the former relates to districts in which no tax has been voted and the latter to districts in which a tax is already in existence. Both these articles are in force, and unless they are so construed they present some conflict with each other.

The words "abrogated," "increased," or "diminished" are all inclusive, and connote every change or alteration which can be made in the original tax. By increase or diminution the rate only in the first tax is changed. By abrogation the first tax is completely done away with. Either of these three results might be accomplished by substitution of another tax, the effect of which would be to do away with the first and enact a new and different tax in its stead. If the second election wrought no change in the tax, which is not seriously contended, it was an act of supererogation—a mere useless formality which ought not to be countenanced in the serious affairs of government.

[9] It is our view that the clear import of article 2833 is that once a tax is voted in a district it remains unalterable for at least two years. Therefore, unless the first election were successfully contested, and held not to have carried, the tax therein voted must be held to be in force for two years from the date of the first election, and the second election, in that event, was of no effect. If the contest should result in declaring the first election against the tax, then a second election would be valid. The question of the validity of the first election is therefore not moot.

We are of opinion, however, that appellant is not in position to complain of the trial court's judgment. In filing his contest he contended that the first election failed to carry. If he had been or should hereafter be successful, the result would be to authorize another election within a year from the first. The judgment of the trial court annulling the first election had the same effect. Appellant is still insisting, in his motion for rehearing. upon prosecuting his contest. Since, therefore, the trial court's judgment affords him the same relief he would receive from a successful prosecution of that contest, and since appellee is making no complaint of the trial court's judgment, we hold that the proper disposition of the case in its present aspect is to dismiss the appeal.

It is therefore ordered that the former judgment of this court, setting aside the trial court's judgment, be set aside, and that the appeal be dismissed.

Former judgment reversed.

Appeal dismissed.