BEAUMONT, S. L. & W. RY. CO. v. STATE.
(No. 6722.)

(Court of Civil Appeals of Texas. Galveston. Dec. 15, 1914.)

1. RAILROADS ⊂⊃254—MAINTENANCE OF STATION — ACTION FOR PENALTY — SUFFICIENCY OF EVIDENCE.

In an action to recover the statutory penalty for violation of Rev. St. 1911, arts. 6592–6594, requiring railroads to keep the water-closets at stations in a reasonably clean and sanitary condition, evidence held not to warrant a finding as to the length of time that a closet had been in an unsanitary condition.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 764–772; Dec. Dig. ⊂⊃254.]

2. PENALTIES ⊂⊃2 — CONSTITUTIONALITY OF STATUTE—"PUBLIC MONEY."

Rev. St. 1911, arts. 6592–6594, requiring railroads to keep in a reasonably clean and sanitary condition suitable and separate water-closets for both male and female persons within each passenger station, or at a reasonable distance therefrom, article 6594 of which entitles the county attorney, in suits brought thereunder, to one-fourth of the penalty recovered as a commission, and the county road and bridge fund to the remainder, do not violate Const. art. 3, § 51, declaring that the Legislature shall not make any grant of public money to any individual, association, or corporation; since the term "public money" means money received by officers of the state in the ordinary processes of taxation, etc., and does not apply to money recovered as a penalty.

[Ed. Note.—For other cases, see Penalties, Cent. Dig. §§ 2, 11; Dec. Dig. ⊂⊃2.

For other definitions, see Words and Phrases, First and Second Series, Public Money.]

Appeal from District Court, Liberty County; J. Llewellyn, Judge.

Suit in behalf of the State of Texas against the Beaumont, Sour Lake & Western Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Andrews, Streetman, Burns & Logue, Coke K. Burns, and W. L. Cook, all of Houston, for appellant. C. H. Cain and Marshall & Harrison, all of Liberty, for the State.

McMEANS, J. This is a suit brought in behalf of the state of Texas by the county attorney of Liberty county against the Beaumont, Sour Lake & Western Railway Company to recover statutory penalties for the alleged violation of articles 6592–6594, Revised Statutes 1911, requiring each railroad corporation in this state to keep in a reasonably clean and sanitary condition suitable and separate water-closets or privies for both male and female persons at each passenger station on its line of railway within or at a reasonable distance from its depot, for the accommodation of its passengers received or discharged from its cars thereat, and of its patrons and employés who have business with the railroad corporation thereat, and imposing a penalty of $50 for each week for the failure to so keep them. Plaintiff alleged the failure of the defendant to comply with the requirement of the statute at its station of

Hull, in Liberty county, to keep the water-closet there situate in a reasonably clean and sanitary condition for the period of two years.

The case was submitted to the jury upon special issues, and, upon the coming in of the verdict, a judgment was rendered thereon for $5,200 in favor of the state and against the railway company, from which the defendant, after its motion for a new trial had been overruled, has appealed.

The jury, in answer to special issues submitted to them, found that defendant's water-closet at Hull had been in a condition not reasonably clean or sanitary for a period of 104 weeks. This finding is attacked by appellant by its first assignment of error, in which it makes the contention that the evidence is wholly insufficient to support such finding.

But three witnesses were introduced in behalf of the plaintiff. The first was L. P. Palmer, a farmer residing about a mile from the town of Hull. He testified that at times he had occasion to go to Hull pretty often, and sometimes it would be a good while—sometimes two or three times in 1 week, and other times his visits to the town would be 2 or 3 weeks apart; that during the times he visited the town he had occasion, once in a while, to go into the defendant's water-closet. It is shown by his testimony that each time he had occasion to go into the closet he found it in an exceedingly filthy and unsanitary condition. He testified that it would be impossible for him to tell how often he visited the closet during the period he was testifying about, but that he was there "every once in a while; perhaps it would be once a month, or something like that." He was not asked, nor did he say, whether on each of these visits the closet had the appearance of not having been cleaned since his last preceding visit.

The next witness was Claude Mitchell, Sr., who upon direct examination testified that for about a week he had occasion to use the closet daily, and that when he first went into it he found the closet on the ladies' side in a very unclean and unsanitary condition; that he cleaned that side out, and used lime freely as a deodorizer, but that he never saw the inside of the closet intended for the use of males. On cross-examination he testified:

"I think my actual knowledge of that closet covers about five days. I never used it an entire week, and after the time I quit using it I cannot say anything about its condition."

The third witness was J. M. Barrow. He testified that he never saw the closet but once, and that time his attention was called to it by the witness Palmer. At that time it was in an unclean condition.

[1] The jury, in answer to special issues, found that the closet had been in an unclean and unsanitary condition for the period of 104 consecutive weeks, and upon this finding the court entered judgment against defendant for the penalty of $50 per week for this entire period, aggregating $5,200.

We are of the opinion that the evidence did not warrant the finding of the jury or the judgment rendered thereon. The result of the testimony of Palmer is that about once a month for 24 months he found the closet unclean and unsanitary. The other witnesses testified that their knowledge of it covered a period of 5 days and 1 day, respectively. It was not shown by Palmer that on the occasion of his visits the closet did not have the appearance of not having been cleaned since his last preceding visit. We think that this evidence is not of such definite character as to justify the jury in finding that the closet had been in an unclean and unsanitary condition for 104 weeks consecutively.

[2] By its third assignment appellant complains of the action of the court in refusing to sustain its general demurrer to plaintiff's petition. Its contention is that articles 6592-6594 of the Statutes are unconstitutional, because of the provisions in article 6594, which are to the effect that in case of recovery in suits brought under the article the county attorney shall be entitled to one-fourth thereof as commission for his services in prosecuting the suit, and the remainder thereof shall be paid into the road and bridge fund of the county. The claim is that these provisions are in contravention of section 51 of article 3 of the Texas Constitution, which reads as follows:

"Sec. 51. The Legislature shall have no power to make or grant or authorize the making of any grant of public money to any individual, association of individuals, municipal or other corporations whatever."

We are of the opinion that the language "public money," as used in the section quoted, cannot be applied to money received as a penalty for the violation of the statute. The state is a nominal party only, and by the express provisions of the statute the recovery belongs to the road and bridge fund of the county, except that portion of it allowed to the county attorney for his services or commissions, and never at any time was the property of the state. "By 'public money,' as therein used, the framers of the Constitution most probably meant moneys received by officers of the state, * * * derived in the ordinary processes of taxation, and in other ways permissible under the Constitution." Tarrant County v. Butler, 35 Tex. Civ. App. 426, 80 S. W. 659. It seems to us that the provisions of the statute referred to directing the payment of one-fourth of the recovery to the county attorney for his services and the balance into the road and bridge fund of the county can in no reasonable sense be said to be a grant of public money to an individual or a municipal corporation. "At least it is not so clearly so as that we feel willing to declare the act unconstitutional on this ground." Tarrant County v. Butler, supra. The assignment is overruled.

For the reason that, in our opinion, the evidence was not sufficient to justify a judgment

for penalty for the violation of the statute for the full period of 104 weeks, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.