## PATTON v. STATE et al.
### No. 4522.

Court of Civil Appeals of Texas. Texarkana.
June 17, 1933.

Fischer & Fischer and R. E. Prothro, all of Tyler, for appellant.

James V. Allred, A. R. Stout, and Neal Powers, all of Austin, for appellees.

LEVY, Justice (after stating the case as above).

The question for decision on appeal is specifically one of whether or not in the particular case the court was authorized to make the appointment of a receiver to take over the oil well on the application of the state of Texas, moving therefor. The allegations alone in the petition are considered, taking the facts stated as true. As stated in the petition, the controversy appears to be thus initiated: The state of Texas, with joinder therein by the Railroad Commission, through the Attorney General of the state, instituted the suit against the appellant, framed upon the definite theory that the appellant, owning and operating an oil well and producing oil therefrom, was deliberately and defiantly daily violating and failing to comply (1) with the statutory provision of making and keeping a full and complete record of all the oil produced, and (2) with the several regulations and orders of the Railroad Commission, promulgated and in force, providing for and fixing the method of gauging or measuring and of making and keeping a complete record of the daily production of oil, and providing for and fixing the permissible daily proration production of oil; that, in effect, as the consequence of the stated evasions and violations of the statutory provision and the orders and regulations of the Railroad Commission, and the continuing persistent wrongful and unlawful operation of the oil well, the state of Texas has been and is now being defrauded out of and hindered and prevented from collecting a large sum of taxes which the statute of the state expressly provides shall be paid to the state of Texas by the owner of the oil well, laid upon the value of the total amount of oil produced from each oil well. Recovery is sought (1) for the amount of the gross production tax which had been unpaid and evaded through fraudulent and unlawful methods stated, and (2) for the statutory penalty of not exceeding $1,000 a day provided for violations of the regulations and orders of the Railroad Commission.

It is believed that the proceeding, according to nature and purpose, must be classed and be so considered as a suit in the name of the state of Texas and by the state of Texas, as the real party at interest and as the proper plaintiff, for the recovery of evaded and unpaid taxes imposed by statute for purposes of revenue on oil production, and for the recovery of statutory penalties incurred by reason of violations of the several orders and regulations of the Railroad Com-

mission, although there was attempted to have joinder therein of the Railroad Commission of Texas. There can be little doubt that the penalty and the gross production tax is due and payable to the state of Texas and that this suit was instituted, and should be so regarded, by the state of Texas to maintain that right. It is not a proceeding by the Railroad Commission, suing in its name distinctively as such. State v. Florida R. Co., 69 Fla. 564, 68 So. 667. There is quite a difference between the present case and the case of Ortiz Oil Co. v. Railroad Commission of Texas, 62 S.W.(2d) 376, this day decided by this court.

■■■ It is believed that the case and the facts alleged authorized the appointment of a receiver of the property by the court, acting under the general jurisdiction of a court of equity, on the application of the state of Texas, moving therefor. The leading principles and usages of equity appear to be met in relation to the exercise of the power of the court to appoint receivers to take charge of property, the pendency of a civil action, and grounds of such a nature where the failure to do so would place the complaining party in danger of special loss or injury by reason of the acts or conduct of the person in custody or possession. The appointment of a receiver by the courts under their general jurisdiction as courts of equity can be made only in a pending suit, as an incident to the litigation itself, and not the main purpose of the litigation. 4 Pomeroy, Eq. Jur. (4th Ed.) § 1492; 2 Story, Eq. Jur. (14th Ed.) § 1170; 1 Tardy's Smith on Receivers (2d Ed.) § 14; 24 C. J. § 9, p. 24; Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939; Republic Trust Co. v. Taylor (Tex. Civ. App.) 184 S. W. 772. Quoting from Tardy's Smith on Receivers, supra: "It is a well established rule that in order to authorize the appointment of a receiver it is essential that there shall be at the time of the appointment a suit pending in which relief other than the mere appointment of a receiver is sought." And clearly there is a pending suit by the state of Texas, upon a legal cause of action, warranting a personal judgment against the defendant. In this state a suit can be maintained to collect taxes and for personal judgment against the taxpayer, in the absence of a statute expressly or impliedly providing a remedy for recovering it. State v. Williams' Ex'rs, 8 Tex. 384; Cave v. Mayor, etc., of City of Houston, 65 Tex. 619; City of Henrietta v. Eustis, 87 Tex. 14, 26 S. W. 619. And an action in the nature of an action for debt will lie to recover a penalty authorized by the statute. Waters-Pierce Oil Co. v. State, 48 Tex. Civ. App. 162, 106 S. W. 918; Beaumont, S. L. & W. R. Co. v. State (Tex. Civ.

App.) 173 S. W. 641; 25 C. J. § 80, p. 1181. The ground laid or wrong complained of for the exercise of the jurisdiction of the court to appoint a receiver is: "Plaintiff would further show unto the Court that the defendant uses numerous subterfuges, tricks, schemes, and devices to prevent the State of Texas, and the agents, representatives and employees thereof, and the Railroad Commission and the agents, representatives and employees thereof from ascertaining the true facts with reference to the amount of oil which the defendant is producing from the property herein; that the defendant has been a chronic and consistent wilful violator of the proration laws of the State of Texas, and the orders, rules and regulations of the Railroad Commission" etc. That the "district court issued a temporary injunction, enjoining and restraining the defendant from further producing oil in excess of the allowable and from doing those things complained of in the petition; that since said injunction was issued and served, and since the defendant had actual knowledge as well as notice thereof, the defendant violated same, as well as the orders, rules and regulations of the Railroad Commission, and the laws of the State of Texas by producing," etc.

In effect, as appears from the allegations, the property is being so misused and unlawfully operated in ways and methods as to evade the record of the production of oil and defraud the state of Texas out of and hinder and prevent the collection of a large sum of taxes laid by statute upon the gross production of oil from each oil well. In 5 Wait's Actions and Defenses, 355, it is said: "The appointment (of a receiver) is usually made for one of the following purposes: to prevent fraud, protect the property from injury, or preserve it from destruction."

■■ It is not doubted that it is the province of a court of equity to take possession of the property and operate the business of a person or corporation when the exercise of such jurisdiction is indispensably necessary to save or protect some clear right of a suitor, as, for instance, the state of Texas in this case, which would otherwise be lost, as appears from alleged facts, and which cannot be saved or protected by any other action or mode of legal proceeding. The normal operation of statutory provisions and valid promulgated orders of the Railroad Commission in the regulation of the production of oil consists in their voluntary observance, and their enforcement in case of violation calls for authority and compulsion, which constitutes one of the chief functions of the state.

The order appointing the receiver is affirmed.