## ATLAS PIPE LINE CO. v. STERLING et al.
### No. 409.

District Court, E. D. Texas, Tyler Division.
Aug. 7, 1933.

442

Saye, Smead & Saye, of Longview, Tex., for complainant.

The Attorney General of Texas, for respondents.

Before HUTCHESON, Circuit Judge, and GRUBB and WILSON, District Judges.

PER CURIAM.

Plaintiff, a common carrier pipe line company engaged in transporting oil in interstate commerce, complains of the orders and actions of the Railroad Commission in connection with its efforts to prevent wasteful practices in the East Texas oil fields, as violative, as to it, of the commerce clause and of the Fourteenth Amendment.

The orders and actions specifically complained of are: (1) The order of the commission requiring it to install meters to enable the commission to determine the amount of oil transported by it; (2) the orders requiring it to file with the commission, on various forms, reports required of transporters of oil. These reports in substance have to do with the source, the amount, and the character, as to legality, of the oil tendered to and transported by the pipe line. (3) The demands of the commission that it, or its duly authorized agents, the Attorney General, or his assistants or agents, be allowed inspection of its books and records when they may deem it necessary.

In general, it is claimed that the statutes authorizing such demands and actions, are in their tenor, and because of the penalties imposed, unconstitutional. It is further claimed that, if the statutes are valid, the orders and actions of the commission under them are oppressive and burdensome beyond the grant of the statute.

We think it perfectly clear that, as applied to plaintiff, the complained of statutes are valid; that the requirements they make in no manner infringe upon any of its constitutional rights. They merely provide for such regulatory steps and measures as are reasonable, necessary, and proper to prevent the handling of oil made by the statute contraband for handling, and their terms in no sense impose any burdensome restrictions upon interstate commerce, or take plaintiff's property without due process, or deny it the equal protection of the laws. Plaintiff's broad position comes in the end to no more than an insistence upon its right to transport, in violation of the express prohibitions of the statute, oil which has been illegally produced. No reason presents itself to our minds for believing that the Legislature, having the authority to conserve the natural resources of the state, is without power to impose upon common carriers by pipe line, inter and intra state, police regulations to make its prohibition against wasteful production effective. The complaint against the penalties as excessive may be disposed of by the observation that there is no proof that, in the absence of an opportunity for hearing on the validity of the statute, these penalties are sought to be applied.

We therefore reject, as without merit, plaintiff's attacks upon the statutes.

Nor do we think any stronger the position taken against the rules and regulations, the orders and requirements of the commis-

sion. Certainly it goes without saying that the terms of a statute or the orders and actions of the commission under it might be so burdensome and exacting as in effect to prevent or prohibit, contrary to the Fourteenth Amendment and the commerce clause, the conduct of the legitimate business of interstate transportation by pipe line. No such burdensome exactions are, however, shown to have been imposed here. It is hardly claimed, it is certainly not proven, that the requirements of the commission cannot be complied with without visiting irreparable injury on plaintiff. What is in effect asserted is that, since plaintiff is engaged in the business of transporting oil, an article of interstate commerce, the commission may not, in regard to reports and disclosures, impose duties upon it which require an expenditure of time, money or effort by it. · We think the decisions cited do not support this view. The state may subject interstate, as well as intrastate, carriers to reasonable police regulations for the purpose of enforcing the public policy of the state in regard to shipments into or out of it, Sligh v. Kirkwood, 237 U. S. 52, 35 S. Ct. 501, 59 L. Ed. 835; Geer v. Connecticut, 161 U. S. 519, 16 S. Ct. 600, 40 L. Ed. 793; N. Y. ex rel. Silz v. Hesterberg, 211 U. S. 31, 29 S. Ct. 10, 53 L. Ed. 75; Hudson County Water Co. v. McCarter, 209 U. S. 349, 28 S. Ct. 529, 52 L. Ed. 828, 14 Ann. Cas. 560, or the handling of business within its borders, Field v. Barber Asphalt Paving Co., 194 U. S. 618, 24 S. Ct. 784, 48 L. Ed. 1142; M., K. & T. R. R. v. Haber, 169 U. S. 613, 18 S. Ct. 488, 42 L. Ed. 878; Asbell v. Kansas, 209 U. S. 251, 28 S. Ct. 485, 52 L. Ed. 778, 14 Ann. Cas. 1101; Texas Co. v. Brown, 258 U. S. 466, 42 S. Ct. 375, 66 L. Ed. 721.

We see no reason to doubt that oil illegally produced may not be, against statutory mandate, lawfully transported. Julian Oil & Royalties Co. v. Capshaw, 145 Okl. 237, 292 P. 841. All that it is claimed the commission has done, or is doing here, is that it will put plaintiff to some expense, cause it some trouble, and to some extent hamper the conduct of its business, in its efforts to prevent oil being produced, stored, and transported in violation of law.

On the record before us, we find that neither the purpose nor the means employed to accomplish it transcend the authority of the state or its agents, or infringe upon the constitutional rights of plaintiff, for the business conducted by plaintiff, that of a common carrier by pipe line, has been placed by the.statutes (Vernon's Ann. Civ. St. art. 6018 et seq.) under the general jurisdiction of the commission, and the things required of plaintiff are within the compass of the grant of power. These statutes expressly prohibit the transportation of oil produced contrary to the statutes and valid rules of the commission, require those engaged in the production, storage, or transportation of petroleum to furnish statements as required from time to time, and subject their books and records to an examination.

The state had the power to confer this jurisdiction, and to reasonably make its exercise effective. The reasonable exercise of it which this evidence shows is being attempted may not be lawfully enjoined. The interlocutory injunction prayed for is denied.

A decree so declaring as to this and the other pipe line cases submitted with it may be presented to the District Judge for approval and entry.