## FLANNERY v. STATE et al.

### No. 3229.

Court of Civil Appeals of Texas. El Paso.
July 3, 1935.

Rehearing Denied Sept. 19, 1935.

H. P. Smead, of Longview, for plaintiff in error.

William McCraw, Atty. Gen., and Merton Harris and Tom D. Rowell, Jr., Asst. Attys. Gen., for defendants in error.

HIGGINS, Justice.

This is a suit by the State and Railroad Commission against L. S. Flannery to recover statutory penalties for alleged violations of orders of the Railroad Commission for the prevention of "waste," which orders limit the daily production of crude petroleum oil wells in the East Texas Oil Field. Flannery owned and operated two oil wells in the field. It was found that upon eight different days in August, 1933, he had produced oil in excess of the amount which he could have produced lawfully under the order in force and effect on said dates. Penalties of $500 for each day were assessed and judgment rendered for $4,000, from which Flannery appeals.

Plaintiff in error asserts:

1. "The Texas Conservation Statute is a penal statute, and its regulatory provisions, and the provisions which create the offenses prohibited, are not sufficiently explicit to inform those who are subject to it, what conduct on their part will render them liable for its violation."

2. "The penalties proposed for violating the statute and the orders of the commission are, on their face, so excessive, so drastic and extreme that they appear plainly designed to affright those subject to the act and said orders into abject incontinent submission, thereby depriving the citizen of his fundamental right to know his rights, and knowing, dare maintain them."

3. "Appellant in producing the oil which is charged was illegally produced, did so in good faith and in reliance upon constituted authorities."

4. "There is no evidence in the record upon which to base the amount of oil allowed to be produced under the orders of the Railroad Commission by appellant."

On June 13, 1933, the commission entered an order limiting the daily production from oil wells in the East Texas field to a maximum of 10 per cent. of the average hourly potential producing capacity of said wells. This order was in effect in August, 1933. The findings show plaintiff in error violated this order on eight separate days in said month.

Article 6014, R. S., as amended by chapter 2, p. 3, § 1, Acts 42d Leg., 4th C. S., effective November 12, 1932, provides:

"The production, storage or transportation of crude petroleum oil or of natural gas in such manner, in such amount, or under such conditions as to constitute waste is hereby declared to be unlawful and is prohibited. The term 'waste' among other things shall specially include: * * *

"(k) The production of crude petroleum oil in excess of transportation or market facilities or reasonable market demand. The Commission is authorized to determine when such excess production exists or is imminent, and to ascertain the reasonable market demand.

"The Commission is expressly authorized to consider any or all of the above definitions in making rules, regulations or orders to prevent waste of oil or gas."

Plaintiff in error, in the brief filed, has not pointed out in what respect the act is not sufficiently explicit. The quoted portion of the act authorizes the order made by the commission, and the objection urged against the validity of such act is, in our opinion, untenable.

Plaintiff in error's second proposition is without merit under the ruling in Culver v. Smith (Tex. Civ. App.) 74 S. W.(2d) 754, in which writ of error was refused. In that case Justice Blair said: "The penalty statutes prohibit the Commission from adopting any order or regulation under the Conservation Laws, except upon 10 days' notice and after hearing; and there are also statutory provisions for the vacation of any invalid order or regulation upon appeal to a court of competent jurisdiction in Travis County. Article 6036a, and article 6036b, as amended by Acts of the 41st Legislature, page 694. Thus the Legislature has provided for the full protection of the constitution-

al rights of appellants. The following of ten cents per barrel and he ceased to produce his oil and held same as provided and advised in the telegram from Mr. Smith.

cases settle the questions raised against the contentions of appellants, holding with regard to similar statutes and penalties, that where the statutes afford both a hearing before the Commission before the promulgation of an order or regulation, or access to the courts to test the validity of such order or regulation, penalty provisions such as the one in question are not prohibited by the constitutional provisions sought to be invoked by appellants: Wadley Southern R. Co. v. Georgia, 235 U. S. 651, 35 S. Ct. 214, 59 L. Ed. 405; Atlas Pipe Line Co. v. Sterling (D. C.) 4 F. Supp. 441; U. S. v. Clyde S. S. Co. (C. C. A.) 36 F.(2d) 691; Noble v. Carlton, Governor of Florida, et al. (D. C.) 36 F.(2d) 967. The fact that article 6036 imposes a penalty of 'not more than one thousand dollars per day' instead of a flat penalty of $1,000 per day, thus permitting the imposition of a small penalty of perhaps only a few cents per day, has been held to be sufficient within itself to take such statute out of the constitutional inhibitions sought to be invoked by appellants. Noble v. Carlton, Governor of Florida, et al. (D. C.) 36 F.(2d) 967."

■ In support of the third proposition, plaintiff in error makes this statement and argument:

"Exhibit 19 is a telegram from the Honorable Lon A. Smith, Chairman of the Railroad Commission of the State of Texas. The telegram is as follows:

"'Austin, Tex., April 27, 1933.
"'L. S. Flannery,
"'Longview, Texas

"'In answer to your telegram will state that if you do not care to sell oil produced from your lease at the ridiculously low price of ten cents per barrel and refrain from producing any oil whatever from your lease until oil reaches the price it ought to bring we will allow you to make this production upon proper application to the Commission for back allowable permit.

"'Lon A. Smith, Chairman.'

"Lon A. Smith is chairman of the Railroad Commission of the State of Texas.

"It would appear from the evidence that Mr. Flannery, in keeping with the policy of the telegram, did not care to produce and sell his oil at the ridiculously low price

"The evidence is further to the effect that L. S. Flannery had no connection or no outlet for his oil from said lease until the 19th of August 1933, following the date of said telegram.

"The evidence is further undisputed, that during the period from August 20th to August 31st, 1933, L. S. Flannery produced an amount of oil which would have been greatly in excess of an allowable admitted by the Commission to be due him but not produced.

"There could be no question but what the chairman or the head of a governing body has authority to grant and permit a producer of oil, in consideration of his refraining to produce his oil at the prevailing price to later make up, or to produce that to which he was rightfully entitled, and appellant in this case, having received said telegram from the chairman of the Railroad Commission was certainly entitled to some notice or something to bring home to him, that the Railroad Commission did not intend to stay by their bargain and allow him to produce at least a part of the oil which he had refrained from producing."

Plaintiff in error points to no evidence that he ever applied for a "back allowable permit," as the telegram indicated was the proper course to pursue. In the absence of any showing that he made such application, before he overproduced in August, the point made is without merit.

■ The amount of oil allowed to be produced from Flannery's wells, under the order of June 13th, was shown by the testimony of J. D. Copeland, who was in charge of the Violation Department of the commission. At the time of the alleged overproduction, he was in charge of the Tender Department. It is objected Copeland's testimony as to the allowable of plaintiff in error's wells was hearsay. Copeland testified as to the allowable of Flannery's wells from a book which it was shown was published by authority of the Railroad Commission. Such book was admissible in evidence. Article 6478, R. S. Therefore, the fourth proposition is overruled.

Affirmed.