**RAILROAD COMMISSION v. SKIPPER-BIVINS OIL CO., Inc.**

No. 3241.

Court of Civil Appeals of Texas. El Paso.
July 3, 1935.

Rehearing Denied Sept. 19, 1935.

William McCraw, Atty. Gen., and Merton Harris, L. H. Engelking, and Tom D. Rowell, Jr., Asst. Attys. Gen., for appellant.

J. A. Stanford, Jr., of Tyler, for appellee.

PELPHREY, Chief Justice.

This suit was filed by the state of Texas and the Railroad Commission against appellee seeking to recover penalties for producing oil from two wells owned by it in excess of the amount allowed by the orders, rules, and regulations of the commission. In its answer appellee admitted that it had produced from one of its wells an excess, and tendered into court whatever sum the court should fix as a penalty for such production. It further alleged that it had the oil so produced in its possession; that it was valueless without a tender from the commission permitting the sale and/or transportation thereof. Appellee then prayed that the commission, upon the payment by it of the penalty assessed, be required to issue and deliver to it a tender for the oil involved.

Upon a trial before the court, judgment was rendered assessing a penalty against appellee of $750 and ordering the commission and its representatives to issue to appellee appropriate tenders, authorizing the sale, movement, and/or transportation of the oil.

The commission has appealed and attacks that portion of the judgment in which it was ordered to issue tenders to appellee.

Appellant's contention is that the fact that a penalty has been paid under the penalty statute for producing excess oil does not entitle the owner of such over-

produced oil to deal in the same as if it were a lawful object of commerce.

Appellee counters with the propositions that the penalties provided by the conservation statute are exclusive and that the commission is without authority to impose others; that, appellee having expiated its offenses by the payment of the statutory penalties, the attempt of the commission to prescribe rules and regulations, the effect of which is to prevent it from utilizing the oil in question, is both arbitrary and unauthorized; and that section 14 of article 6049c, Vernon's Ann. Civ. St., as it read before its repeal in 1935 (Acts 1931, 1st Called Sess., c. 26, § 14, as amended by Acts 1934, 3d Called Sess., c. 64, § 1), in so far as it attempts to make crude petroleum an unlawful object of commerce, is unconstitutional.

We shall first consider the question of the constitutionality of section 14, for, as we view it, no harm has resulted to appellant by virtue of the objectionable order if it has no valid law to support its refusal to issue the requested tenders.

That statutes which have for their purpose the prevention of waste of the natural resources of the several states are within the police power and valid there is little question. Julian Oil & Royalties Co. v. Capshaw, 145 Okl. 237, 292 P. 841, and the array of authorities there cited.

The validity of our own oil conservation statute has been passed upon in several cases among which are: Atlas Pipe Line Co. v. Sterling et al. (D. C.) 4 F. Supp. 441; H. T. Melton, doing business as Melton Brokerage Co. v. Railroad Commission (D. C.) 10 F. Supp. 984; Hercules Oil Co. v. Thompson et al. and George C. Peterson Co. v. Thompson et al. (D. C.) 10 F. Supp. 988; the three later cases being by a three-judge court, consisting of Circuit Judge Hutcheson and Judges West and Kennerly.

While the identical question urged here was not presented in those cases, yet we are of the opinion that the holdings made and expressions used are clearly indicative of the attitude of those courts as to the right of the states to declare crude petroleum produced in excess of the amount fixed either by statute or by authorized order an unlawful object of commerce.

The section is not subject to the objection made, and therefore the effect of the judgment ordering the commission and its agents to issue tenders for the sale, handling, and transportation of the oil here involved is nothing short of a command to an agency of the state to permit the doing of something which would have the effect of nullifying the whole purpose of the conservation statute. It cannot be said that the mere paying of the penalty for having produced the oil illegally would change its character and entitle the owner thereof to deal in it as he would in oil legally produced.

Appellee here produced the oil admittedly in violation of the orders of the commission, and the fact that such oil may become valueless cannot be said to be the fault of either the state or the commission. Any loss which may occur appears to us to have been invited by appellee.

The judgment of the trial court, in so far as the penalty is concerned, is affirmed, but that portion which directs the commission and its agents to issue to appellee appropriate tenders authorizing the sale, movement, and transportation of the oil in question is hereby reversed and judgment rendered that appellee take nothing on its plea for the order of court directing the issuance of such tenders.