## FLEISHMAN v. STATE et al.

### No. 4834.

Court of Civil Appeals of Texas. Texarkana.

Jan. 23, 1936.

F. W. Fischer, of Tyler, and H. P. Smead, of Longview, for appellant.

Wm. McCraw, Atty. Gen., and Tom D. Rowell, Jr., of Longview, for appellees.

HALL, Justice.

The state of Texas and the Railroad Commission as plaintiffs, appellees here, through the Attorney General, brought this suit in the district court of Gregg county against

the appellant, defendant below, to recover of and from him penalties for the violation of a certain rule and regulation of the Railroad Commission regulating the production, handling, and refining of crude petroleum and its products.

Appellees alleged that: "On February 15, 1933, the Railroad Commission of The State of Texas entered its order providing that no oil produced in the East Texas Field should be delivered, accepted, transported, or otherwise handled by any person, firm, or corporation without having a tender therefor, as provided in said order of February 15th, 1933, the terms of which are well known to the defendant, and which is specially pleaded herein and made a part hereof for all purposes." And that on certain days during the month of November, 1933, the defendant " * * * purchased or transported or handled crude petroleum, all or a part of which was produced from property in the East Texas Field in excess of the amount allowed by the orders, rules and regulations of the Railroad Commission hereinabove set out, and without in anywise complying with said order of February 15, 1933; that the amount and dates on which such oil was purchased or transported or handled are set out in the following schedules. * * *" A detailed statement of the amount of oil purchased daily by the appellant and the price paid therefor was attached to appellees' petition. The appellant answered by general demurrer and special exceptions, which were overruled by the trial court, and by general denial. A trial was had to a jury on special issues which were answered favorably to appellees and upon which a judgment was rendered for the state of Texas for the sum of $5,100 as penalties for the violation of a rule of the Railroad Commission, being the sum of $425 per day for twelve days. From this judgment appellant prosecutes this appeal.

Appellant submits three propositions as follows:

"1. The Texas Conservation Statute (article 6014, R.S. and amendments thereto) is a penal statute, and its regulatory provisions, and the provisions which create the offenses prohibited, are not sufficiently explicit to inform those who are subject to it, what conduct on their part will render them liable for its violation.

"2. The penalties proposed for violating the statute and the orders of the Commission, are, on their face, so excessive, so drastic and extreme that they appear plainly designed to affright those subject to the Act and said orders into abject incontinent submission, thereby depriving the citizen of his fundamental right to know his rights, and knowing, dare maintain them.

"3. Defendant (appellant) was compelled after due and proper objection to testify as a witness against himself to all of the things charged by plaintiff" (appellees).

The first and second propositions set out above are in the exact verbiage as those discussed in the case of Flannery v. State (Tex.Civ.App.) 85 S.W.(2d) 1052, 1053, writ denied. In disposing of the first assignment, Justice Higgins speaking for the El Paso Court of Civil Appeals, after quoting a portion of article 6014, R.S., as amended by Acts 1932, 4th Called Sess., c. 2, § 1, said: "Plaintiff in error, in the brief filed, has not pointed out in what respect the act is not sufficiently explicit. The quoted portion of the act authorizes the order made by the commission, and the objection urged against the validity of such act is, in our opinion, untenable." It is true that the order under consideration in the Flannery Case was one limiting the daily production allowed for each well based upon its potential capacity, while the order attacked here is one requiring all persons accepting, handling, or transporting crude petroleum to secure from the Railroad Commission a tender therefor. Both rules of the Railroad Commission were promulgated by authority of the statutes enacted by the Legislature to prevent waste of natural gas and crude petroleum in this state, and as such are valid as being warranted by the statutory enactments, title 102, R.S. [article 6004 et seq., as amended], relating to waste of natural gas and crude petroleum. In connection with this proposition the appellant has directed our attention to the case of Champlin Refining Co. v. Corporation Commission, 286 U.S. 210, 52 S.Ct. 559, 568, 76 L.Ed. 1062, 86 A.L.R. 403, which we do not think is in point. That case dealt with the Oklahoma conservation statute and a violation of its (the statute's) provisions as specifically set forth in said opinion. It was held that the general words and phrases under the Oklahoma statute were vague, and under said statute for a person to know whether he was violating the provision of the statute relating to proportionate production it would be incumbent upon him to ascertain that fact or take the chance of suffering punishment for violating that provision of the act; for, as said by the court: "And the ascertainment

of the facts necessary for the application. of the rule of proportionate production laid down in section 4 would require regular gauging of all producing wells in each field; a work far beyond anything that reasonably may be required of a producer in order to determine whether in the operation of his wells he is committing an offense against the act."

The above case is typical of all those cited by appellant under his first proposition. It will be noted that no order of the Oklahoma commission was involved in that case, but the suit was for penalties for violating the terms of the statute defining waste. In the case at bar the Railroad Commission after due investigation on February 15, 1933, entered the order requiring of all persons handling, accepting, or transporting crude petroleum in the East Texas field to secure from the Railroad Commission a tender therefor, and the suit here is for penalties for violating the rule of the commission and not for violating the terms of the statute. The statute fixes the penalty for the violation of the rules promulgated, under authority of the statute, by the Railroad Commission. The following cases we think are decisive of this question: Flannery v. State, supra; Danciger Oil & Refining Co. v. Railroad Commission (Tex.Civ.App.) 49 S.W. (2d) 837; People's Petroleum Producers v. Smith (D.C.) 1 F.Supp. 361.

■ Appellant's second proposition, we think, is without merit. In passing upon a proposition of the exact verbiage as the one here under discussion, Justice Higgins in Flannery v. State, supra, says: "Plaintiff in error's second proposition is without merit under the ruling in Culver v. Smith (Tex. Civ.App.) 74 S.W.(2d) 754, in which writ of error was refused. In that case Justice Blair said: 'The penalty statutes prohibit the Commission from adopting any order or regulation under the Conservation Laws, except upon 10 days' notice and after hearing; and there are also statutory provisions for the vacation of any invalid order or regulation upon appeal to a court of competent jurisdiction in Travis county. Article 6036a, and article 6036b, as amended by Acts of the 41st Legislature [1929], page 694 [sections 5, 6]. Thus the Legislature has provided for the full protection of the constitutional rights of appellants. The following cases settle the questions raised against the contentions of appellants, holding with regard to similar statutes and penalties, that where the statutes afford both a hearing before the Commission before the promulgation of an order or regulation, or access to the courts to test the validity of such order or regulation, penalty provisions such as the one in question are not prohibited by the constitutional provisions sought to be invoked by appellants: Wadley Southern R. Co. v. Georgia, 235 U.S. 651, 35 S.Ct. 214, 59 L.Ed. 405; Atlas Pipe Line Co. v. Sterling (D.C.) 4 F.Supp. 441; U. S. v. Clyde S. S. Co. (C. C.A.) 36 F.(2d) 691; Noble v. Carlton, Governor of Florida, et al. (D.C.) 36 F.(2d) 967. The fact that article 6036 imposes a penalty of "not more than one thousand dollars per day" instead of a flat penalty of $1,000 per day, thus permitting the imposition of a small penalty of perhaps only a few cents per day, has been held to be sufficient within itself to take such statute out of the constitutional inhibitions sought to be invoked by appellants. Noble v. Carlton, Governor of Florida et al. (D.C.) 36 F.(2d) 967.' "

The third and last proposition of appellant is to the effect that he was called as a witness by the appellee and compelled to give evidence against himself. At the beginning of the trial of this cause in the court below, the appellees called appellant as a witness and proceeded to examine him relative to the handling of crude petroleum at his refinery on the days it was charged in appellees' petition he had violated the rule of the Railroad Commission in regard to procuring a tender covering said crude petroleum. Appellant's attorney objected to this procedure, stating that: "If the defendant has committed any violation of the law of the State, which is alleged here that he has in the petition and for which penalties are being sued, I object to the use of the defendant himself as a witness against himself, and also the use of his books as a witness against himself." At the conclusion of appellant's testimony his attorney made a motion to strike the evidence. The trial court overruled both the objection and the motion.

■ This character of action has been held to be civil and not criminal. Waters-Pierce Oil Co. v. State, 48 Tex.Civ.App. 162, 106 S.W. 918; Patton v. State (Tex.Civ. App.) 62 S.W.(2d) 381; Tex.Jur. Vol. 32, p. 761, § 9. And article 3769c, R.S. (Vernon's Ann.Civ.St. art. 3769c), provides that in a civil suit in the justice, county, or district court the plaintiff or defendant may call the opposing party as a witness. The rule seems to be that if the testimony sought to be elicited from the witness in a case, whether civil or criminal, will tend either

directly or indirectly to incriminate him, then the witness may not be compelled to answer. Counselman v. Hitchcock, 142 U. S. 547, 12 S.Ct. 195, 35 L.Ed. 1110; Ex parte Hughes, 57 Tex.Cr.R. 82, 121 S.W. 1118; Sovereign Camp, W. O. W. v. Bailey (Tex.Civ.App.) 183 S.W. 107. This privilege, however, is personal to the witness and he must state under oath that the testimony will tend to incriminate him. As said in the case of Ingersol v. McWillie, 87 Tex. 647, 30 S.W. 869, opinion by Chief Justice Gaines, that: "The privilege of not answering in such a case is the privilege of the witness only." And the Court of Criminal Appeals in Ex parte Miers, 124 Tex. 592, 64 S.W.(2d) 778, 780, says: "Only the witness can take advantage of the right to decline to testify on the ground that his testimony will incriminate him. * * * It would seem that the objections by Johnson's counsel to the questions propounded to appellant would not be tantamount to an attempt by appellant to exercise the privilege of declining to answer."

Therefore, in our opinion, the judgment of the trial court should be affirmed, and it is so ordered.