## ROCO REFINING CO. et al. v. STATE et al.

### No. 4928.

Court of Civil Appeals of Texas. Texarkana.

April 30, 1936.

F. W. Fischer and Mayfield & Grisham, all of Tyler, for plaintiffs in error.

Wm. McCraw, Atty. Gen., and Tom D. Rowell, Jr., Asst. Atty. Gen., for defendants in error.

JOHNSON, Chief Justice..

The state of Texas and the Railroad Commission through the Attorney General filed this suit against appellants Roco Refining Company, a copartnership composed of L. B. Cohen and Harvey Hunter, and against said L. B. Cohen and Harvey Hunter individually, to recover statutory penalties for alleged violation of certain conservation orders of the Railroad Commission dated February 15, 1933, and April 3, 1934, which required filing of daily reports by each purchaser, handler, or refiner of crude petroleum, and that no oil produced in the East Texas oil field should be delivered, accepted, transported, or otherwise handled by any firm, person, or corporation without first obtaining a tender from a duly authorized agent of the Railroad Commission. The petition states the specific dates upon which the defendants are charged with violating the orders. Defendants answered by general and special exceptions and a general denial. Trial to the court without a jury resulted in judgment that the Railroad Commission take nothing and that the state of Texas recover of the defendants jointly and severally the sum of $6,600. The defendants have by writ of error removed the case to this court for review.

Appellants in their first proposition challenge the validity of the orders, as being an assumption by the Railroad Commission of legislative power in violation of the Constitution of Texas and void, in that, and for the particular reason, it is contended, the orders failed to recite upon their face any findings of fact showing a necessity or reason for their promulgation and adoption.

The order of February 15, 1933, in part provides:·

"Special Order Amending Order of September 29, 1932, Requiring Reports.

"For the purpose of more effectively carrying out the intent and purposes of an order entered by this Commission on September 29, 1932, requiring reports to be made concerning the production, purchase, transportation and handling of crude oil in the East Texas field, the necessity for which has been disclosed by testimony adduced at hearings held in the Cities of Austin and Tyler, Texas, pursuant to notice duly given December 15, 1932:

"It is hereby ordered that said order of September 29, 1932, be and the same is hereby amended in the following particulars. * * *"

The statutes in force at that time, articles 6049c, § 7, par. 3 (Acts 1931, 42d Leg., 1st Called Sess., p. 46, chap. 26, as amended by Acts 1932, 42d Leg., 4th Called Sess., p. 3, chap. 2, § 5), authorized the Railroad Commission to amend its orders without notice, "Provided the subject matter of the amendment was considered at the hearing made the basis for such rule, regulation or order." The order of September 29, 1932, is an order requiring reports and contains express findings of facts developed upon hearing which are sufficient as the basis for the order as well as the February 15, 1933, amendment thereto; among facts so found and expressed being: "That there is a large amount of oil being produced, transported, and otherwise handled in the East Texas field, including the Counties of Upshur, Gregg, Smith, Rusk and Cherokee, in violation of the conservation orders, rules and regulations of the Railroad Commission and of section 14, art. 6049c, Vernon's Annotated Statutes of Texas [Acts 1931, 1st · Called Sess., c. 26, § 14], and that the withdrawal of these excess amounts is raising the rapid decline in the reservoir pressure, and an unequal encroachment of water in said areas from which the excessive withdrawals are being made." These are facts defined by the statute to be "waste," and judicially defined, when they do exist, to constitute waste. Danciger Oil Co. v. Railroad Commission (Tex.Civ.App.) 49 S.W.(2d) 837. Hence we do not think the amendment is void for failure to within itself restate the findings of fact upon which it is based.

■ The order of April 3, 1934, of the Railroad Commission is one requiring "that the owner, manager, or operator of each refinery and/or processing plant, refining and/or in any wise processing crude oil and its by-products, shall make a daily report to the Railroad Commission, * * *" the facts required by the order to be contained in the reports are such facts as the statute empowers the commission to require of the persons affected by the order. The order is based upon Acts 1934, 43d Leg., 2d Called Sess., p. 104, c. 45, § 1, which in part provides: "It shall be the duty of all persons, companies, or corporations producing, storing, transporting, refining, reclaiming, treating, marketing, or processing crude oil or natural gas, to keep accurate records as to the amount of such products produced, stored, transported, refined, reclaimed, treated, marketed or processed by such person, company, or corporation; and as to the source from which such person, company, or corporation has produced, obtained, or received crude oil, natural gas, or the products of either, and the disposition made of same." And which statute further provides: "The Commission shall have the right to require all such persons, companies, or corporations to make and file with the Commission sworn statements or reports as to facts within their knowledge or possession pertaining to the production, storing, transportation, refining, reclaiming, treating, marketing, or processing of crude oil or natural gas and the reasonable market or consumer demand therefor, including those facts enumerated herein." The order of April 3, 1934, finds its support in the terms of the statute which it implements. The duty to furnish the information required by the order is imposed by the Legislature through statute and not by the Railroad Commission. It is not that character of order required to contain express facts found upon notice and hearing, hence it does not come within the rule declared in the authorities relied upon by appellants, namely, Wichita R. & L. Co. v. Public Utilities Comm. of Kansas, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124; Northern Pacific R. Co. v. Baker (D.C.) 3 F.Supp. 1; Mahler v. Eby, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549; Florida v. United States, 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291.

■ By their second and third propositions appellants contend that the trial court erred in not sustaining their objections to the introduction in evidence of the orders and in overruling defendants' motion for judgment, because it was not shown in evidence prior to the introduction of the orders, and as a predicate for their introduction, that any character of hearing or notice of hearing was had or given by the Railroad Commission prior to the adoption of the orders. The order of February 15, 1933, recites that it was entered upon facts adduced at hearings held pursuant to notice duly given. The order of April 3, 1934, does not on its face recite notice and hearing. Except as expressed in the order of February 15, 1933, and of September 29, 1932, the record is silent as to notice and hearing. Appellants introduced no evidence tending to show that the orders were not in fact based upon notice and hearing prop-

erly given. It is the specific contention of appellants that it was incumbent upon the state, prior to the introduction of the orders in evidence and as a predicate for their introduction, to introduce other evidence showing that the orders were promulgated by the Railroad Commission after notice and hearing. The contention cannot be sustained. The presumption of validity rests with the order. Articles 6049c, § 8, Vernon's Ann.Civ.St. (Acts 1931, 1st Called Sess., c. 26, § 8, as amended by Acts 1932, 4th Called Sess., c. 2, § 8); Alpha Petroleum Co. v. Railroad Commission (Tex.Civ.App.) 59 S.W.(2d) 374, 375, in which it is said: "Where the commission has made and promulgated an order, it will be presumed, absent a showing to the contrary, that same was made pursuant to law after notice to all parties concerned and a hearing as provided for by law."

■ There is another reason why appellants' attack upon the validity of the orders, for their alleged failure to be based upon notice and hearing, cannot be sustained. The attack is a collateral one. Want, if any, of notice and hearing does not affirmatively appear upon the face of either of the orders. If it be true that the orders were issued without notice and hearing, it would require evidence to establish such facts. The district court of Travis county alone has jurisdiction to determine that issue. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.(2d) 364, 372; Johnson Refinery v. State (Tex.Civ.App.) 85 S.W.(2d) 948; and authorities there cited; Texas Steel Co. v. Ft. W. & D. C. R. Co., 120 Tex. 597, 40 S.W.(2d) 78, 81.

■ Appellants' fourth proposition contends that article 6036, R.S.1925, as amended by Acts 1931, 42d Leg., 1st Called Sess., p. 46, chap. 26, § 3, is unconstitutional and void, as authorizing unusual and excessive punishment, which is the article of the statute under which appellants are sued.

This proposition has heretofore been passed upon by this court and determined adversely to appellants' contention, in Fleishman v. State (Tex.Civ.App.) 91 S.W.(2d) 493. Also in the cases of Flannery v. State (Tex.Civ.App.) 85 S.W.(2d) 1052, 1053, and Culver v. Smith (Tex. Civ.App.) 74 S.W.(2d) 754.

Having considered all appellants' propositions and finding no error presented in any of them, the judgment of the trial court will be affirmed.