

Brown & Brooke, of El Paso, for appellants.

J. Walker Morrow, of El Paso, for appellee.

Wm. McCraw, Atty. Gen., and Archie D. Gray, Asst. Atty. Gen., for appellants.

Saye & Saye, of Longview, and Ben H. Powell, of Austin, for appellee.

BLAIR, Justice.

This proceeding was filed by the state of Texas and the railroad commission against the Haynes Drilling Company for penalties growing out of the overproduction of some 10,385 barrels of crude petroleum oil from its wells in the East Texas oil field. The judgment of the trial court recited that a penalty of $500 was

assessed against appellee; that the same had been paid and the judgment satisfied. The judgment further decreed that since the penalty had been paid, the oil became legal oil and entitled to be transported and sold in the markets.

The state and the commission perfected this appeal, and contend that the payment of the penalty does not entitle the owner of the oil, as a matter of right, to deal in such oil as if it were a legal object of commerce and legally produced.

Since the appeal of this case, this question has been decided favorably to appellants in the case of Railroad Commission v. Skipper-Bivins Oil Company (Tex. Civ.App.) 85 S.W.(2d) 1048, writ of error refused. This appellee concedes, but prays, as follows: "The appellee joins in the prayer that the judgment of the trial court assessing the penalties, which have already been paid, be affirmed. But, the appellee prays that the other portion of the judgment of the trial court, authorizing the handling of the oil involved in commerce, as though it be legal oil, be reversed, and the cause remanded upon that point in order that there may be full development of that issue, under proper pleadings and evidence, and justice be better subserved thereby."

The trial judge took the position that the payment of the penalty would legalize the oil as a matter of law. In view of this conclusion, appellee contends that it was not necessary for it to plead or prove any facts, which might authorize the transportation and sale of such oil, even though it had been illegally produced; and that the court should therefore apply to this case the general rule stated in Associated Oil Co. v. Hart (Tex.Com. App.) 277 S.W. 1043, 1045, as follows: "It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction."

Appellants do not contest this prayer of appellee, and we are of the view that the judgment declaring the oil to be legal after the payment of the penalty should be reversed and cause remanded in order that appellee may fully plead and prove any right it may have to transport or sell the illegally produced oil; and in order that the appellant state of Texas may by cross-action assert any rights it may have to confiscate and sell the illegally produced oil under the statutes of this state.

The judgment of the trial court will therefore be affirmed in part, and in part reversed and remanded, in accordance with our above conclusions.

Affirmed in part, and in part reversed and remanded.

Court of Civil Appeals of Texas. El Paso.